WILLIAM G. WARD, Appellant, *v.* THE TOWN OF SOUTHFIELD et al., Respondents.

*It seems* that where there is fraud, not in the subject of the litigation or in any thing involved in the issue tried, but fraud practiced upon a party to an action, or upon the court, during the trial, or in prosecuting the action, or in obtaining the judgment, it may in a proper case be attacked collaterally and set aside and vacated on account thereof. Before, however, a regular judgment can be thus assailed the proof should be clear and very satisfactory.

Where fraudulent concealment of a fact is relied upon for the purpose of impeaching and setting aside a judgment regularly obtained, it must be an intentional concealment of a material and controlling fact, for the purpose of misleading and taking an undue advantage of the opposite party.

It is not incumbent upon a party to a litigation to reveal to the opposite party any infirmity in his case where there is no relation of confidence between them; he is simply bound not to mislead his opponent by any

positive or actual fraud, and not to conceal, for the purpose of perpetrating a fraud, such facts as good faith and common honesty require him to reveal.

A warrant with assessment-roll annexed was issued to plaintiff as collector; he neglected to collect a portion of the taxes appearing on the roll. In consequence an action was brought by the supervisor of the town against him and the sureties upon his bond, and a recovery was had therein, which plaintiff paid. He thereafter brought this action to vacate and set aside the judgment and to recover back the money paid, upon allegations that the affidavit attached to the original assessment-roll was so defective as to render the assessment void, and the persons assessed not legally bound to pay, which defect was not discovered by plaintiff until after the payment of said judgment, but was fraudulently concealed from him by the supervisor, to whom it was known when he commenced said action against plaintiff; so that the latter could not avail himself thereof as a defense in said action. The warrant was regular on its face and it did not appear that any tax payer refused to pay or claimed that the taxes were illegal. The original assessment-roll with affidavit attached was lost. The supervisor before he commenced his action obtained a copy of the affidavit, and had it during the entire time of the pendency of said action and knew of its contents. It did not appear, however, that he knew the defects were such as to serve as a defense to his action, and there was nothing in the defense which called his attention to it, or in any way required its production, and he had no reason to suppose at that time that the original was lost, or that the defects were unknown to the defendants in that action. *Held*, the evidence justified a finding that the contents of the assessors' certificate and affidavit " were not falsely or fraudulently concealed from the plaintiff" and the invalidity of the assessment was not known to the supervisor; and that the relief sought was properly refused.

(Argued March 12, 1886; decided April 27, 1886.)

Appeal from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made the second Monday of September, 1883, which affirmed a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term.

This action was brought to vacate and set aside a judgment rendered in favor of defendant Greenfield as supervisor of the town of Southfield against plaintiff and the sureties on his bond as tax collector, and to recover back moneys paid by plaintiff in satisfaction of said judgment. The alleged ground for the relief asked was fraud on the part of Greenfield.

The material facts are stated in the opinion.

*Hamilton Wallis* for appellant.  The concealment by the defendants of the original assessment while actively engaged in compelling the payment by Ward of uncollected taxes, which were chargeable against him only in case the original assessment was valid, was such a fraud on Ward as to invalidate the judgment recovered against him and authorized the recovery in equity of the amount paid by him under it.  (*Verplanck* v. *Van Buren*, 76 N. Y. 268; *Schiffer* v. *Dietz*, 83 id. 307; *Rawdon* v. *Blatchford*, 1 Sandf. Ch. 344; *Clark* v. *Baird*, 9 N. Y. 197; *Riker* v. *Mayor, etc.*, 9 Vroom, 225, 228; *Mead* v. *Bunn*, 32 N. Y. 278; *Valentine* v. *St. Paul*, 33 Alb. L. J. 238; *Williamson* v. *Brown*, 15 id. 354; *Ware* v. *Egmont*, 31 E. L. & E. 89, 97; *Hoyt* v. *Sheldon*, 3 Bosw. 295; *McClure* v. *Town of Oxford*, 4 Otto, 432.)  A party is under no obligation to investigate and verify statements, to the truth of which the other party to the contract, with full means of knowledge, has deliberately pledged its faith.  (*Mead* v. *Bunn*, 32 N. Y. 275, 280; *Clark* v. *Rankin*, 46 Barb. 570.)  The assessment and levy of the tax in question were void and of no effect.  (Laws of 1851, chap. 176, § 8; *Van Rensselaer* v. *Whitbeck*, 7 N. Y. 517; *Westfall* v. *Preston*, 49 id. 352; *Greenfield* v. *Ward*, 58 id. 401; *Hinckley* v. *Cooper*, 22 Hun, 253.)  The warrant issued to the plaintiff was invalid and of no effect to impose any obligations upon the plaintiff. (*McDonald* v. *Bunn*, 3 Denio, 45; *Cornell* v. *Barnes*, 7 Hill, 35; *Earle* v. *Camp*, 16 Wend. 562; *Forsyth* v. *Campbell*, 15 Hun, 235.)  Equity will relieve the plaintiff.  (*Reigal* v. *Wood*, 1 Johns. Ch. 402; Story's Eq. Jur., § 187; *Williams* v. *Lee*, 3 Atk. 223; *Winthrop* v. *Sup'rs of Lane*, 3 Dessaus. 325; *Bateman* v. *Willoe*, 1 S. & L. 201; *Marine I. Co.* v. *Hodgson*, 7 Cranch, 336; *Cairo & F. R. R. Co.* v. *Titus*, 27 N. J. Eq. 273; *Hackley* v. *Draper*, 60 N. Y. 88; *Borden* v. *Fitch*, 15 Johns. 421; *Huggins* v. *King*, 3 Barb. 619; *People* v. *Eddy*, 57 id. 593; *Regina* v. *Ash. R. Car. Co.*, 10 H. of L. Cas. 431; *Foster* v. *Wood*, 6 Johns. Ch. 90; *Marine I. Co.* v. *Hodgson*, 7 Cranch, 336; *Dobson* v. *Pierce*, 12 N. Y. 165; *White* v. *Tommey*, 4 H. of L. 334; *State of Michigan*

v. *Phœnix Bk.*, 33 N. Y. 27; *Van Cortlandt* v. *Underhill*, 17 Johns. 405; *Dobson* v. *Pierce*, 12 N. Y. 156.)

*George J. Greenfield* for respondents. To authorize an action to set aside a judgment for fraud in obtaining it, after the payment of it, the fraud must be actual and positive as distinguished from constructive fraud or fraud in law. (*Hunt* v. *Hunt*, 72 N. Y. 227; *Ross* v. *Wood*, 70 id. 10; *Smith* v. *Nelson*, 62 id. 288; *U. S.* v. *Throckmorton*, 98 U. S. 61, 68; *State of Michigan* v. *Phœnix Bk.*, 33 N. Y. 23; Wells' *Res Adjudicata and Stare Decisis*, 298, § 375; *Shank* v. *Shoemaker*, 18 N. Y. 489; *Pulver* v. *Harris*, 52 id. 77, 78; *McMichael* v. *Kelmer*, 76 id. 39; *Reeves* v. *Hogan*, Cooke, 175, 179; *Bench* v. *Sheldon*, 14 Barb. 66; *Gage* v. *Parker*, 25 id. 141; *Stevens* v. *Mayor, etc.*, 46 Sup. Ct. 276.) The plaintiff not having used due diligence, and having been guilty of *laches* in not discovering and availing himself of the defense in the former action, equity will not interfere. (*Stillwell* v. *Carpenter*, 59 N. Y. 423; *Marine Ins. Co.* v. *Hodgson*, 7 Cranch, 336; *Floyd* v. *Jayne*, 6 Johns. Ch. 482; *Brennen* v. *Mayor, etc.*, 8 Daly, 426; Willard's Eq. Jur. 160–3; Story's Eq. Jur., §§ 894–8; *Taliafero* v. *Branch Bk.*, 23 Ala. 755; *Horner* v. *Fish*, 1 Pick. 440; Wells' *Res Adjudicata and Stare Decisis*, 298; *Smith* v. *Lowry*, 1 Johns. Ch. 320, 324; *Hammill* v. *Grimm*, 10 Abb. Pr. 150; *French* v. *Gardner*, 7 Porter, 549; *Mark* v. *Candiff*, 6 id. 24.) Even if this were an application in the original action for a new trial on the ground of newly-discovered evidence, it would be refused. (*Stafford* v. *Bryan*, 2 Paige, 45; *Quinn* v. *Loyd*, 1 Sweeny, 253; 1 G. & W. on New Trials, 473, 477; *Fleming* v. *Hollenbeck*, 7 Barb. 271; *People* v. *Sup. Ct. of N. Y.*, 10 Wend. 285, 295; *People* v. *Frank Marks*, 10 How. 261; *Leavy* v. *Roberts*, 2 Hilt. 285, 287; *Floyd* v. *Jayne*, 6 Johns. Ch. 482; *Cole* v. *Cole*, 50 How. 59; *Fellows* v. *Emperor*, 13 Barb. 92; *Williams* v. *Baldwin*, 18 Johns. 489.) In the absence of fraud there is no power in the court to grant the relief asked for in this action after the payment and satisfaction of the judgment. (2 Story's Eq., § 1574 *et seq. ; White* v. *Ward*,

9 Johns. 232; *Bently* v. *Morse*, 14 id. 468; *Walker* v. *Ames*, 2 Cow. 428, 429; *White* v. *Merritt*, 7 N. Y. 152; *Homer* v. *Fish*, 1 Pick. 440; *Trustees* v. *Keller*, 1 Ala. 408; *Fuller* v. *Shattuck*, 13 Gray, 72; *Carter* v. *Canterbury*, 3 Conn. 456; *Tilden* v. *Gerdon*, 1 N. H. 33; *Loring* v. *Mansfield*, 17 Mass. 394; *Michigan* v. *Phœnix Bk.*, 33 N. Y. 23; *Farrington* v. *Bullard*, 40 Barb. 512, 518; *U. S.* v. *Throckmorton*, 98 U. S. 68, 69; *Bruen* v. *Hone*, 2 Barb. Ch. 586; *Duncan* v. *Lyon*, 3 id. 351, 357.)

EARL, J. In the years 1871 and 1872 the plaintiff was treasurer of the village of Edgewater, in the county of Richmond, and as such treasurer was collector of taxes of the part of the town of Southfield which was embraced within the limits of the village. In the month of January, 1872, there was issued to him, by the board of supervisors of the county of Richmond, a warrant whereby he was directed as such collector to collect the taxes which appeared in the assessment-roll annexed to the warrant. The whole amount of taxes which he was thus directed to collect was upward of $66,000. He collected all of that sum but about $4,000, which he neglected to collect, and in January, 1873, the defendant Greenfield, who was then supervisor of the town of Southfield, commenced an action against him and the sureties upon his bond to recover the amount of taxes thus remaining due and uncollected, and a recovery was had. From that judgment the defendants therein appealed to the General Term of the Supreme Court and from affirmance there to this court, and here the judgment was affirmed. (58 N. Y. 401.) After such affirmance Ward, the plaintiff herein, paid the amount of that judgment, with costs. Thereafter he claims to have discovered for the first time that the affidavit of the assessors, attached to the original assessment-roll, was so defective as to render the assessment illegal and void, so that no taxes were in fact legally imposed, and the persons assessed were under no legal obligation to pay them; and he claims that if he had been aware of the defect in the affidavit of the assessors he could

have successfully defended the action. He then commenced this action to vacate and set aside the former judgment and to recover back from the defendants the money which he was obliged to pay in satisfaction of that judgment, on the ground that the defendant Greenfield was aware of the defect in the affidavit and of the invalidity of the tax at the time he commenced that action, and during the pendency thereof, and fraudulently concealed from the plaintiff his knowledge of such defect and invalidity, to the end that the plaintiff might not avail himself of the defense which such knowledge would have afforded him in that action. He bases his right to recover in this action upon the ground that the former judgment was recovered against him by the fraud of Greenfield, and invokes the equitable jurisdiction of the court to give him the relief granted in such cases.

Courts of equity have general jurisdiction to grant relief against fraud and to set aside all deeds, contracts and other instruments obtained by fraudulent practices ; and the jurisdiction of the court to grant such relief extends not only to voluntary contracts *inter partes*, but also to judgments and decrees of courts. But the solemn judgment of a court should not be lightly interfered with. It is for the interest of the public, as well as of individuals, that there should be an end of litigation, and where parties have been lawfully brought into a court having jurisdiction of their persons and the subject of litigation, and have had opportunity to prosecute their claims and to defend their rights, and judgment has been regularly pronounced, while such judgment is not vacated or reversed, it concludes the parties thereto ; and a matter thus once litigated and adjudicated cannot be again brought in question. Such are the general rules which should not easily be evaded. A party defeated in a litigation may appeal from the judgment or move for a new trial, and, in a proper case, to vacate and set aside the judgment. These remedies are generally ample to protect all parties. But where there is fraud, not in the subject of the litigation, not in any thing which was involved in the issues tried, but fraud practiced upon a party or upon the

court during the trial or in prosecuting the action, or in obtaining the judgment, then in a proper case the judgment may be attacked collaterally, and on account thereof set aside and vacated. But before a regular judgment can be thus assailed the proof should be clear and very satisfactory. It is not sufficient merely to raise a suspicion or to show what is sometimes called constructive fraud, but there must be actual fraud. There must be by one party a false and fraudulent representation, or a fraudulent affirmative act, or a fraudulent concealment of a fact for the purpose of obtaining an undue and an unjust advantage of the other party and procuring an unjust and unconscionable judgment. It is not practicable nor possible to formulate a rule on this subject which will be sufficient to solve all cases; but where fraudulent concealment of a fact is relied upon for the purpose of impeaching and setting aside a judgment regularly obtained, it must be an intentional concealment of a material and controlling fact for the purpose of misleading and taking an undue advantage of the opposite party. It would not be wise or politic to carry the rule so far as to make it incumbent upon every plaintiff to reveal to the defendant any infirmity in his case, and to require every defendant to reveal to the plaintiff every infirmity in his defense. Where there is no relation of confidence between the plaintiff and the defendant the parties stand at arm's length. They come into court as adversaries, and neither party is bound to make any revelation of his case to the other. The plaintiff must be prepared to prove all the facts constituting his cause of action and to meet any defense which the defendant may interpose; and the defendant must be prepared to establish any defense which he may have. Neither party can mislead the other by any positive or actual fraud. Nor can he, for the purpose of perpetrating a fraud upon the other party, conceal such facts as good faith and common honesty require him to reveal. These principles are illustrated in many cases to be found in the books. (*Patch* v. *Ward*, L. R., 3 Ch. App. Cas. 203; *U. S.* v. *Throckmorton*, 98 U. S. 61; *Smith* v. *Nelson*, 62 N. Y. 286, 288; *Ross* v. *Wood*, 70 id. 8, 10; *Hunt* v. *Hunt*, 72 id. 217, 227; *Verplanck* v. *Van Buren*, 76 id. 247, 257.)

We have carefully scrutinized the evidence in this case and are satisfied that the findings of the court against the plaintiff were fully justified. The warrant which was issued to the plaintiff to collect taxes in the town of Southfield was regular upon its face. It was attached to a copy of the assessment-roll, and that copy did not contain a copy of the affidavit of the assessors. The warrant being regular upon its face was ample authority to protect the plaintiff in enforcing the collection of the taxes. It appears that he proceeded to collect the taxes under the warrant and received a large proportion of them which were voluntarily paid. It does not appear that any tax payer refused to pay or claimed to him that the taxes were illegal or that the assessment was void. So far as appears in the case, if he had discharged his duty he could have collected every dollar of the taxes on account of which judgment was obtained against him. It does not appear that even he had any suspicion of the invalidity of the assessment until after he had made his return to the county treasurer and the action of Greenfield was commenced, or was about to be commenced, against him, and then he sought to escape liability upon a technicality which had caused him no injury and interposed no obstacle to the collection of the taxes. In a certain sense, therefore, it may be said that the judgment obtained against him was not unconscionable or unjust. The claim made by him in the defense of that action was that the original assessment-roll was placed in his hands, and that to that there was no affidavit of the assessors, and that, therefore, the assessment was illegal and void. He gave the plaintiff in that action no notice that he claimed that there was a defect in the form of the affidavit. His claim was that there was no affidavit, and upon that issue the parties went to trial. It appears that at some time the original assessment-roll to which the affidavit was attached was lost. Prior to its loss, nearly a year and a half before he commenced the suit against Ward and his sureties, the defendant Greenfield had obtained a copy of the affidavit of the assessors, and at that time became aware of its contents, and he had that copy in his possession at the time

he commenced the action against Ward and his sureties, and it remained in his possession during the entire time of the pendency of that action. But it does not appear that he knew that the defects in the affidavit were such as to furnish to Ward a defense to the action against him. He was not asked concerning the affidavit, and there was nothing in the defense interposed in that action, or in the proceedings upon the trial thereof, which called his attention to it, or in any way required its production from him. So far as appears in this case, at that time he had no reason to suppose that the original assessment-roll was lost, or that the defects in the affidavit were unknown to the defendants in that action. There was no relation of confidence between him and Ward. They were not agents but independent officers of the town and adversaries in the suit. (*Lorillard* v. *Town of Munroe*, 11 N. Y. 392; *People* v. *Supervisors of Chenango*, id. 563; *People* v. *Auditors of Little Valley*, 75 id. 316.) But the proof tends to show that at the time Greenfield commenced that action and during the prosecution thereof his attention was not called to the affidavit which was in his possession, and there is no proof whatever which required, even if it would justify, a finding that he fraudulently concealed the copy of the affidavit which he had for the purpose of obtaining an undue advantage of Ward or an unjust judgment against him, and the trial court found that the form and terms and contents of the certificate and affidavit of the assessors attached to the assessment-roll "were not falsely or fraudulently concealed from the plaintiff," and that "the invalidity of said oath or certificate, or of the assessment of said taxes, or of the warrant issued to the plaintiff, was not known to said defendants, or either of them." These findings, which have been affirmed by the General Term, conclude us, and upon such facts the court properly refused to vacate or set aside the judgment.

The judgment should, therefore, be affirmed, with costs.

All concur, except RUGER, Ch. J., dissenting, and RAPALLO, J., not voting.

Judgment affirmed.