Barnard, P. J.
The complaint states no cause of action.. A judgment was recovered against the plaintiff in the supreme court of New York for conversion of personal property of the Maryland Union Coal Co. The case was tried upon its merits and a judgment rendered in favor of the company plaintiff. Much of the complaint in this case has no relevancy. The previous situation of the plaintiff herein, and why he became an employee of the corporation, and his agreement to buy a large portion of its stock at a fixed price, and the position of James Boice, Jr., in the corporation and his compensation, have no tendency to support a cause of action by the plaintiff under his complaint. Stripped of this verbiage, the allegation seems to be that the elder Boice owned the coal mines; that the plaintiff and Boice bought an old charter and. organized a corporation under it; that all the shares were allotted to Boice except five shares of one hundred dollars each which were issued to five more names; and that when the company was organized the shares were all re-transferred to Boice, so that he held stock for $5,000,000 and no other person had any. The plaintiff became president of this corporation and Boice secretary. It was this company which brought the action against its own president. A defense that there was no company, or a defense that it was a form only and that Boice was the real party, could have been pleaded in the supreme court. The plaintiff shows by the complaint to have known all the alleged misrepresentation as to the extent of acreage of Big View coal when the suit was commenced against him. An equitable action to set aside the *20 supreme court judgment under these allegations is not authorized by law. Ross v. Wood, 70 N. Y., 10; Hunt v. Hunt, 72 id., 227; Verplank v. Van Buren, 76 id., 257.
The plaintiff knew everything he alleges before the action. He could have denied the existence of the corporation and could have set up any defense against Boice which he had under the allegation that there was only Boice and no company. If the plaintiff lost evidence by the fault of the Boices the supreme court could have aided him in having it restored to him.
The judgment should, therefore, be affirmed, with costs.
Dykman, J.
It is the primary object of this action to restrain the enforcement of a judgment obtained against the plaintiff by the Maryland Union Coal Company after a trial in an action at law, and its secondary purpose is to procure the possession of certain papers now under the control of the defendants, James Boyce and James Boyce, Jr.
The case was here before upon an appeal from an order continuing a preliminary injunction, and is not therefore unfamiliar to the court.
Without an examination of the merits at that time, we concluded to permit the continuation of the preliminary injunction until the trial of the action.
The judgment from which the present appeal is taken recites a trial of the action and the rendition of a decision dismissing the complaint for a failure to state facts sufficient to constitute a cause of action.
The story of the plaintiff is long, and the complaint which contains it covers forty pages of the printed book on this appeal, but in the long recital of facts not one of importance is presented that was unknown to the plaintiff at the time of the commencement of the action against him which ultimated in the judgment which he desired to stay.
All the facts now set up by the plaintiff were in his possession, and if now they constitute a cause of action in his favor, they were then available to him for a defense in that action.
If, for instance, Boyce was the coal company, and that company was Boyce, then all the claims of the plaintiff against Boyce were available by way of defense and counter-claim in that action.
The whole length of the complaint contains no allegation of fraud in the procurement of the judgment; there is not .even a statement that any judgment was obtained or entered. The complaint declares the commencement of the action and its reference to Henry J. Scudder, a referee, to hear and determine the same, but fails to state that any trial was had or any judgment made.
*21 So there is an entire absence of any charge which would justify equitable interference to arrest the judgment or restrain its execution.
The fraud which will induce a court of equity to interfere with the solemn adjudication of a court must be actual and must reside, not in the issues tried in the action, but in the practice imposed upon the court or the opposite party during the prosecution of the action or the acquisition of the judgment. Ward v. Town of Southfield, 102 N. Y., 292; 1 N. Y. State R., 689.
The complaint in this action is entirely destitute of allegations to constitute a cause of action of equitable cognizance within the rules which must control this class of cases.
The possession of the papers sought by the plaintiff in this action must be procured by an action at law, and as this court does not retain the case to administer the relief sought primarily, it has no jurisdiction of the action for the claim and delivery of the papers. Our conclusion, therefore, is that the complaint fails to state a cause of action, and was properly dismissed by the trial court.
The judgment should be affirmed, with costs.