Van Brunt, P. J.
The opinion of Mr. Justice Daniels treats so fully and carefully the various points which were raised upon the argument before him, that it is hardly necessary to do more than adopt his opinion as embracing the views of the court upon this appeal.
We should, however, call attention to a somewhat recent decision of the court of appeals upon the effect of a fraudulent concealment of evidence in which the rules governing such a case are quite broadly but clearly declared by the court.
It is there held that while the rule does not make it incumbent upon every plaintiff to reveal to the defendant every infirmity in his case, and to require every defendant to reveal to the plaintiff every infirmity in his defenses, yet that neither party can mislead the other by positive or actual fraud. Nor can he, for the purpose of perpetrating a fraud upon the other party, conceal such facts as good faith and common honesty require him to reveal. Ward v. Town of Southfield et al. (102 N. Y., 287; 1 N. Y. State Rep., 689), and cases there cited.
Could the court allow judgment against an endorser of a promissory to stand for a moment upon proof that after the holder had brought suit against the endorser and before the trial of the issues raised by the answer of the endorser, such note had been paid by the maker.
*338 It certainly needs no argument to show that such a fraud could not for a moment be tolerated; and in what' respect the case supposed differs from the one at bar, it seems, difficult to imagine, unless the abrogation of the contract by the plaintiff, which formed the basis for the calculation or damages by the referee, had no effect upon the right of the plaintiff to .recover damages computed upon the basis of rights conferred by this contract.
This view seems to be claimed by the learned "counsel for the appellants because it is insisted that the cancellation of that contract • was not a material fact, and could not affect the plaintiff’s recovery for the reasons that the contract was broken and abandoned before the dissolution of the partnership, and the firm had forfeited all rights under it.
That the other parties to the contract were absolved by the failure of Abbott & Co. to perform.
That the firm of Abbott .& Go. had been dissolved and had gone out of existence and, therefore, could not use that contract any longer.
That Abbott & Go., having been dissolved, nothing that' any one member of that firm could do to that contract after that could change it. or give or destroy any right of plaintiff to damages under it.
The last suggestion is certainly a refreshing one, in view of the facts in respect to the abrogation under consideration.
One would suppose; from the manner in which this proposition is put, that some one of the defendants had,by this underhand means, been attempting to deprive the plaintiff of some rights which he had acquired because- of the existence of this contract, but when the fact is stated that it was the plaintiff himself' that made this-alleged unauthorized use of the name of this firm alleged to be defunct,. quite a different complexion is put upon the face of this transaction, and of which the plaintiff made the fraudulent concealment referred to in the opinion of Mr. Justice Daniels.
If the claim of the plaintiff herein should be allowed to prevail, it would be the first instance to be found in the books, we imagine, that where a contract is sought to be enforced against the person who actually signed it, that he could escape its consequences by saying that he liad no authority to sign it.
This claim might be open to every other party to the contract, but such a transparent fraud cannot be used to escape the consequences of an authorized act by the party committing the act.
The fact-that- the contract had been- broken., arid aban *339 doned-before the dissolution of the., co-.partnership, even if true (which fact, however, it is difficult,.to. establish in-view of. the. peculiar nature of its provisions), and the fact., that subsequently the firm was dissolved, in no way renders the act of the plaintiff abrogating that contract immaterial, because the damages are computed upon the theory that this contract would remain a valid and binding contract until the end of its term, and the defendants had the right to prove in mitigation of damages any facts tending to show that it did not so remain, and certainly they had a right to prove against the plaintiff any act or acts of his by which he terminated its existence before the expiration of the term therein mentioned.
On the 21st oL February, 1883, the plaintiff thought his ' best interests required that the contract forming the basis upon which his damages in this action have been computed should cease to exist, and he cannot now be allowed to change his mind, and after having received the consideration for abrogation, recover from the defendants as though the contract had continued until it had expired by its own limitations.
It may very well be that if this action had been tried and judgment rendered before the abrogation, referred to, that the subsequent abrogation of the contract would not have been available to the defendants, but that is not the case at bar. The contract had terminated by the act of the plaintiff, not only before the trial of this action, but before its commencement, and consequently it could not have been assumed in the computation of damages that it would continue to the end of its term, as it was assumed, had the fact of abrogation been known.
This evidence must, therefore, be deemed material and the order appealed from must be affirmed with costs.
Brady, J., concurs.