(11 Misc. Rep. 449.)

## HARTIGAN v. NAGLE.

(City Court of New York, General Term.   February 11, 1895.)

JUDGMENT—OPENING DEFAULT AGAINST DECEDENT.
 A judgment by default, entered by fraud and collusion, may be opened after the death of the judgment debtor, so as to allow his administrator to defend.

Appeal from trial term.

Action by Bridget Hartigan against Patrick Nagle. From an order opening a judgment by default, plaintiff appeals. Affirmed.

Argued before EHRLICH, C. J., and FITZSIMONS and NEWBURGER, JJ.

Bradley & Bradley, for appellant.
Booraem, Hamilton, Beckett & Ransom, for respondent.

NEWBURGER, J. In January, 1887, the plaintiff recovered a judgment by default against Patrick Nagle, since deceased. In the month of December, 1893, an application was made by the plaintiff for leave to issue execution, whereupon a motion was made in behalf of Ella A. Nagle, the widow of the defendant, and administratrix of his estate, for an order vacating the judgment herein, and making her a party defendant to the action. Thereupon, reference was ordered to take proof of the facts. The referee subsequently filed his report, recommending the granting of the motion to vacate the judgment, which report was confirmed, and this appeal taken from the order entered thereon.

A party may, in a proper case, move to vacate and set aside a judgment; and where such judgment is obtained by default against a defendant who is now dead, and it appears that such judgment was entered by fraud and collusion, the motion to open such default and allow the administratrix to defend will be granted. Section 1284 of the Code; Ward v. Town of Southfield, 102 N. Y. 287, 6 N. E. 660.

The referee properly excluded the question put to the plaintiff, to show whether she had loaned any money to decedent. A careful reading of the printed case fails to disclose any testimony on the part of the administratrix as to any communication concerning the making and delivery of the note, or the recovery of the judgment; and therefore the testimony of the plaintiff did not come within the exception of section 829 of the Code of Civil Procedure.

There are no exceptions to the referee's report that would warrant us in disturbing the order entered herein. Order appealed from affirmed, with costs. All concur.