OPINION
By BREWER, J.
Anna Lamberton died intestate on the 12th day of February, 1938, and an administrator of her estate was duly appointed and qualified on February 25, 1938.
The following exceptions to the final account of the administrator were filed:
*187 1. To the payment of the sum of One Thousand Seven Hundred and Sixty-Four Dollars and Forty-Seven Cents ($1764.47) to Joseph A. Lyons as a result of a judgment rendered in favor of the said Joseph A. Lyons in the Municipal Court of Cleveland.
2. To the allowance of Ninety-Three Dollars and Seventy-Five Cents ($93.75) paid to the surety company as the premium on the fiduciary’s bond.
3. To the failure of the administrator to account for interest on the cash in his hands during the period of administration, caused by his neglect to deposit the same as provided by law.
4. To the allowance of Two Hundred and Forty-Four Dollars as administrator’s fee.
Joseph A. Lyons was a nephew of the decedent, Anna Lamberton. He lived with his aunt for a number of years, and until the time of her death.
A “Petition for Money Only” was filed in the Municipal Court of Cleveland on January 3, 1939, (Plaintiff’s Exhibit 8), by Joseph A. Lyons, making the administrator of the estate of Anna Lamberton the only party defendant.
That petition alleges: “There is due from the estate of Anna Lamberton to Joseph A. Lyons, for ser,vices rendered to the said Anna Lamberton, for room, board, and lodging, from the 1st day of January, 1935, to the 12th day of February, 1938, at the rate of $10.00 a week, the sum of One Thousand, Six Hundred and Thirty Dollars ($1,630.00)”, and, “Plaintiff further says that he duly presented his claim to the said defendant within the time limited by law and that said claim was rejected.”
On February 14, 1939, the administrator of the estate of Anna Lamberton, deceased, filed an Answer, (Plaintiff’s Exhibit 9), which reads, in part, as follows: — “Defendant further answering, admits that the said claim was duly presented to him within the time limited by law, and that he rejected said claim.”; “Defendant further answering, denies each, every and all other allegations in said Petition contained.”; and concludes: “Wherefore, defendant having fully answered, prays that the said Petition of the plaintiff be dismissed and that he may go hence with his costs.”
Considerable eyidence has been offered as to payments made to Joseph A. Lyons by the administrator prior to the filing of said action, but it is not clear whether those payments were made on the claim or as a partial distribution to him as distributee.
The main contention of the ex-ceptor is that the administrator failed to plead §10509-133 GC as a defense in the action, that it was his duty to plead that section of the statute, and, having failed so to do, the estate is not liable for payment of the judgment rendered.
Three questions present themselves in determining this first exception relative to the failure of the administrator to plead the limitations statute:
1. May an administrator waive a limitations statute?
2. Conceding an administrator is not permitted to waive a limitations statute, is it mandatory that a fiduciary plead a statute of limitations in an action in which he is made a party defendant?
3. Assuming it is the duty of the fiduciary to plead the statute of limitations and he fails to do so, should the payment of the judgment so obtained be disallowed in his account?
*188 The administrator contends that this Court is without jurisdiction to determine the legality of the judgment rendered by the Municipal Court of the City of Cleveland, and that the same cannot be collaterally attacked in this proceeding.
This Court is not attempting to set aside the judgment of the Municipal Court, but is attempting only to determine whether the administrator is personally liable for the payment of the judgment to Joseph A. Lyons, which is, in fact, the determination of Question 3 aforesaid.
The Petition filed in behalf of the plaintiff, Joseph A. Lyons, alleges that the claim was filed within the time limited by law, and that said claim was rejected. The Answer admits the presentation within the time allowed by law, and the rejection.
Exceptions to the final account of the administrator were filed on March 15, 1941, so that we will have to determine this question in the light of the statutes in force at that time §26 GC.
It is contended by the exceptors that, the administrator having been appointed and qualified on the 25th day of February, 1938, the 1'our-month period for the presentation of claims expired on the 25th day of June, 1938, and that by the statute then in effect, thirty days from the last day of that four-month period would have ñ3¡:ed the date for rejection, July 25, 1938; that thereafter, two months were given Joseph A. Lyons to file his action, which time would have expired September 25, 1938; that the action was not filed by the said Joseph A. Lyons until January 23, 1939.
It might be possible for an administrator to have a claim filed with him the day after his appointment, and, if rejected immediately, suit would necessarily have to be filed within two months or the claim be forever barred. (See Fulton v Bremer, 130 Oh St 227.)
Or, on the other hand, the creditor might wait until the last day of 'the four-month period to file his claim, and if neither allowed nor rejected by the administrator, suit could not be brought until rejection had been forthcoming.
In, Re Estate of Heimberger, 6 O. O. 51, the following question was presented to this Court:
“Is the claim of a creditor, filed within four months as provided by §10509-112 GC, barred when the administratrix neither allows nor rejects it for a period of four years and no action is taken by the creditor?”
The Court came to the following conclusion:
“The court therefore is presented with the proposition of a creditor being guilty of laches and an administratrix not performing her statutory duties. Although this court is in accord with the case law of Ohio, barring claims not filed within four months, (Beach v Mizner, 4 OO 253), or claims not sued upon within two months after rejection, (Fulton v Bremer, 130 Oh St 227, 4 OO 242), it cannot, in good conscience, permit the administratrix or the estate to profit because of her own failure to reject the claim. Neither party should be permitted to gain any advantage by their conduct.
“If this court were to hold the claim barred it would work undue hardship on the creditor, and it would leave an uncertainty as to just when a creditor who has filed his claim within the statutory period is barred by not proceeding under §10509-113 GC.
*189 “By holding that the claim is not barred, no one’s rights have been prejudiced. The creditor can proceed under §10509-113 GC, and if it is not a valid claim in the mind ■of the administratrix, she can reject it and leave it to a court of law to ' decide its validity or invalidity.”
Hence, in many cases the yardstick presented by the exceptor, of four months for the filing of the claim, one month for rejection, and two months for the filing of action, all from the date of the qualification of the fiduciary, cannot be the measure. It is the actual date of the filing of the claim and the date of the rejection which are important.
The administrator, by way of defense, argues, on page 2 of his memorandum brief, “On behalf of the administrator, it may be argued that as the claim had not been rejected, §10509-133 GC was not applicable and the statute of limitations was not a bar.” However, this contention is negatived by Exhibit 9, the Answer filed by the administrator in the Municipal ■Court action, in which he states: “Defendant further answering, admits that the said claim was duly presented to him within the time limited by law, and that he rejected said claim.”
Had the failure to file the claim within the time limited by law, been raised as a defense. Beach v Mizner, 131 Oh St 481; or that there had been no rejection on behalf of the administrator, Reese v Chapman, 23 O. L. Abs 641; or that suit had not been brought within two months after rejection, Fulton v Bremer, 130 Oh St 227, and had any one of these defenses been sustained by the Court, the merits of the case could never have been considered. However, the •Statute of Limitations must be plead, and failure so to plead presented the case on its merits.
In Hampton, Admr., v Replogle, 47 Oh Ap 394, on page 396, the Court makes the following statement:
“If the administrator intends to rely upon the failure to comply with a procedural requirement, he must in justice do so before the time for complying with the statute has passed. The filing of a defense upon the merits must' be taken as a waiver of a merely procedural requirement. Babcock v Seitz, Exr., 122 Oh St, 453, 172 N. E., 276; Pepper v Sidwell, Admr., 36 Oh St 454.”
And in Reese v Chapman, supra, on page 650, the court says:
“The fact that the petition failed to state the usual allegations of presentation and rejection was waived by the defendant going to trial on the merits without raising the question, either by demurrer or answer.”
There is no evidence before the Court as to the exact date of the rejection, so the Court, where there is no evidence to the contrary, must assume 'that the claim was rejected within the statutory time. §10509-112 GC.
Sec. 10509-133 provides as follows:
“When a claim against the estate of a deceased person has been presented to the executor or administrator, and has been rejected by him in whole or in part, but not referred to referees, or if a claim has been allowed by the executor or administrator in whole or in part and thereafter rejected or further reduced by the court, the claimant or person deriving title from him, must commence *190 an action thereon within two months after receipt of actual notice of such rejection or reduction, if the debt or any part of it be then due, or within two months after some part of it becomes due, or be forever barred from maintaining an action thereon; except that, in the event of the death, resignation or removal of such executor or administrator, within such two months’ period and before action is commenced thereon, the action may be commenced within two months after the appointment of a successor; and provided that no claimant shall be permitted to bring an independent action on his claim after it has been heard and decided on the merits on exceptions to the schedule of debts filed by him.
“For the purposes of this section the action of a claimant shall be deemed to have been commenced when the petition and praecipe for service of summons on the executor or administrator have been duly filed.”
This statute has been held a definite statute of limitations, and bars recovery on any claims where suit is not filed within two months after rejection. (Fulton v Bremer, 130 Oh St 227.)
It may be assumed that had the administrator, in the action in the Municipal Court, plead §10509-133 GC, no judgment would have been rendered, and the action would have been dismissed.
1. May an administrator waive, a limitations statute?
The pronouncements in Ohio on this question are as follows: — In 1848, in the case of Hill v Henry, 17 Ohio, 9, the Supreme Court held that the debtor’s acknowledgement of the debt, and his promise to pay after the same has beeii barred by the statute, does not revive the original cause of action, and the creditor must sue upon the new promise and not upon the old debt. The court’s opinion on page 13 reads:
“Although a note may be barred by the statute of limitations, still a moral obligation rests upon the maker to pay it, and this moral obligation would constitute a sufficient consideration for a new promise. But the question is, whether such an acknowledgment and promise revives and resuscitates the note, so as to give it life and vigor for an additional period of fifteen years from the date of the acknowledgment or promise.”
And the court concludes the opinion with:
“Upon mature consideration, we are of opinion that under the limitation laws of this State, the acknowledgment and promise to pay a debt which was barred by the statute, does not revive the original cause of action, but if a creditor would enforce collection he must do it by suit upon the subsequent promise.”
This is not decisive of the question now before this Court, but it does state clearly the liability. In 1853 in the District Court of Gallia County, in the case of Drouilliard v Wilson, 1 O. D. Reprint, 555, there was a declaration on two counts; first, a promise made by-the intestate; second, a promise made by the administrator, on the same indebtedness. The statute of limitations was plead. It appeared that the plaintiff was Clerk, and decedent was Sheriff, of Gallia, County; that each had made collections of money belonging to the other, and at a certain point the plaintiff and the administrator undertook to examine the accounts. The result 'of this examina *191 tion showed a balance in favor of the plaintiff, and the administrator promised to pay this balance, and agreed to apply for a sale of read estate to do it. The administrator afterwards declined to pay the claim. The court held, first, that the statute did not begin to run until the mutual account between the Clerk and the Sheriff had been closed, and they found this period to be in the Fall of .1841. Suit was not commenced until the Spring of 1849, over seven years after the cause of action accrued; hence, plaintiff’s action was barred, unless it was taken out of the operation of the statute. The court speaks of the acknowledgment which will sustain the running of the statute provided for by §11223 GC — former 4992 R. S., which reads as follows:
“If a promise to pay it has been made and signed by the party to be charged, an action may be brought thereon within the time herein limited, after such promise.”
After the court found that there ■was no promise made which would thus prevent the running of the statute, the conclusion was reached that the cause of action against the estate then became extinct; and the question then arose whether the promise made by the administrator in 1849 could be effective to do away with the bar of the statute, and declare that it was then an undecided question in this State. The question had been raised, but not decided, in the case of Pierce v Zimmerman’s Executor, 13 Ohio Reports, 271, and the court says that the authorities cited in that case and in the case then before it, brought them to the conclusion that in England and the older states, it had been held, that the promise of an administrator will remove the bar of the statute and enable the party to recover; still, upon the other hand, there are authorities which deny that right to the administrator.
The court, then treating it as a question which must be decided in the light of whatever decisions had been made in Ohio, asked the significant question:
“Can an administrator make a new contract to bind the estate paying it. upon a mere moral obligation resting upon the intestate? We think not. The administrator has to execute legal liabilities existing against the estate; he has nothing to do with moral obligations resting upon others. His duty is to audit, allow and pay the legal liabilities of the estate; and hence, he can allow all claims not barred; but when once barred by the statute, he has no authority to create a new liability predicated upon a mere moral obligation resting upon others. Whatever, therefore, may be the decisions holding elsewhere, we have no hesitation in holding that under the provisions of our statute, as expounded by the Supreme Court, an administrator cannot by a new promise, revive a claim once barred.”
In the same year, the Court of Common Pleas of Washington County, in the case of Wood v Ward, same report, page 589, refers to the case of Hill v Henry; but as the question then before the court was only as to whether the statute of limitations when set up as a defense was an issuable plea, very little is added to the subject.
However, the Common Pleas Court of Hamilton County is of a different opinion, as disclosed by Joyce v Hart, 11 O. D. Reprint, 487. The court in this case entirely disregarded the holding of the District Court of Gallia County, *192 and held that an administrator may waive the bar of the statute of limitations, even where the claim required a sale of the real estate to pay it; citing Lowis v Rumney, L. R. 4 Eq. 451, 452. The court in this case reached the rather remarkable conclusion that the administrator could waive not only the general statute of limitations, but also the special statute as against estates, then four years.
We then find the case of Crouse v Frybarger, 22 O. C. C. Reports, 315, decided in 1901. In this case the claim was based upon a promissory note. Three statutes of limitations were relied upon as a defense. Section 4980 of the Revised Statutes, which provides a limitation of fifteen years upon a written contract; Section 6113 R. S., which then provided a limitation of four years as to actions against administrators; and Section 6098 of the Revised Statutes, which provides that after a claim has been rejected upon requisition, claimant shall be required to bring an action within six months of the time of such rejection. On page 324 the Court says:
“We think the purpose of this statute and other statutes of this character, is to fix the status of the estate and property of decedents, so that persons may buy it and deal with respect to it, freely and safely. That after claims are barred under such statutes, it should not be possible to revive them, as to sweep away property of others, acquired from the heirs or state. Great frauds and wrongs might be easily accomplished, if the allowance of barred claims were to be given the effect contended for by defendants in error.”
And in this connection, reference is made to the opinion of Judge Sayler, in Joyce v Hart, above referred to, in which he says:
“While he is a very able lawyer and judge, for whose opinion we have the greatest respect, we are not satisfied with his reasoning or conclusion; upon this matter we are not inclined to follow him.”
So that as to this State, we have the judgment of a District Court in 1853, based upon the legislation then in force, denying the right of the administrator to waive the bar of the Statute. As against this, we have the judgment of a Common Pleas Court in 1892, based upon the legislation then in force, that not only the general statute can be waived by an administrator, but the special statute applicable to claims against an estate. And we have the Circuit Court, not of this Circuit, however, in 1901, refusing to follow the latter decision and referring to the former with implied approval. We have no decision by the Supreme Court on the subject.
A careful analysis of the law of Ohio discloses that this question is still undecided. This is acknowledged by the statement found in 18 O. Jur., ¶307, page 401:
“On a review of the cases, however, it would seem that, though the question has not been decisively and definitely settled by the supreme court, on the authority of Drouillard v Wilson, and especially that of Course v Frybarger, an administrator or executor can only allow claims which can be legally enforced against the estate, and hence only claims not barred at the time of their being presented.”
However, this Court feels that the administrator was without authority to waive any statute providing for the limitations of ac *193 tion set forth in the probate act affecting the administration of estates.
2. If an administrator is not permitted to waive a limitations statute, is it mandatory that a fiduciary plead a statute of limitations in an action in which he is made a party defendant?
The duties of the administrator in the defense of claims are well set forth in 21 Am. Jur. par. 224, p. 497:
“Personal representatives of a decedent must exercise good faith, care, and diligence in the management and administration of the affairs of the estate they represent, in such way as to preserve the estate and to protect it from loss by their own mismanagement or act of waste. Included within this duty is the obligation to protect the estate against every demand made against it which is not legally enforceable. In other words, an executor or administrator can discharge only existing legal obligations against the estate. He is regarded as the trustee or agent appointed by law, for the benefit and protection of creditors and distributees, who stand on their strict legal rights, which cannot be prejudiced by the voluntary and unauthorized acts of the administrator. Not only has he, ordinarily, no power to admit away the title of the heirs and parties interested in the estate, but where he has been delinquent in duty in not interposing an available defense at law, he may be liable to the heirs on his bond.”
And. discussing the right of an administrator to waive the statute of limitations, the author announces, in 21 Am. Jur. par. 409, p. 614:
“In a number of jurisdictions the courts have established the broad rule that an executor or administrator may waive the statute of limitations as to debts against the estate of his decedent that are fully barred, without reference to when the debts became so barred. Of course, this rule carries with it the lesser one extending to personal representatives the right to toll the statute as to claims nor fully barred. As stated in another form, it is discretionary with such a representative whether he will plead the statute as to claims, against his decedent.
“The direct converse of this broad rule however, has been adopted in several jurisdictions, where, without any distinction being drawn as to when the bar became complete, it has been held, that the statute of limitations cannot be waived as to debts of the estate which are fully barred thereby. In some, but not many instances, the courts have gone so far as to hold that a personal representative cannot even toll the statute as to claims not fully barred.”
There is, then, a definite line of distinction between this general limitations statute and the so-called short, special, non-claim, or administrative statute of limitations. In 21 Am. Jur. par. 413, p.. 617, the author continues:
“The great weight of authority is to the effect that an executor or-administrator cannot waive the so-called ‘short,’ ‘special,’ ‘non-claim,’ or ‘administrative’ statute of limitations under which claims must be presented and, in some instances, prosecuted within a given time after administration begins. These rulings are generally based upon the ground either that the statute is mandatory or that there *194 is a distinction between waiver of the general statute of limitations and a special or nonclaim statute in that the former statute applies to the remedy and not to the debt which still exists, whereas the special statute enacted for the purpose of making speedy and final distribution of the assets possible applies to the right which, when once barred, is forever barred.”
Woerner, in American Law of Administration, Volume 2, paragraph 402, page 1326, also makes .this distinction:
“The Statute of Non-claim, or of limitation specially to estates of deceased persons, is in most States applied more rigorously than the general Statute of Limitation. The time cannot be extended because of an agreement to the effect made with decedent. The executor or administrator cannot waive it.”
In Brown et al v Anderson, Adm’s, etc., 13 Mass., 203, in its opinion upon a special statute of limitations, the court makes the .statement:
“The general statute of limitations has always been considered .as furnishing to debtors prima facie evidence of payment; and any counter evidence is admitted. An acknowledgment of the debt, therefore. by an executor or administra•tor, as well as by the original debtor, has been held to avoid thar statute. But the statute we are now considering has no regard to the payment or non-payment of the •debt; it was designed to produce a speedy settlement of estates that the heirs might be quieted. A promise of the administrator can therefore have no effect to bind the estate. He may decline pleading the statute; but if he dues, without the consent of the heirs, he may expose himself for his unfaithful conduct. The promise creates only a personal obligation on the part of the person making it, but cannot affect the estate.”
And continues:
“This opinion fully distinguishes the difference between the general and special statutes of limitations, and sustains the view we have taken.”
There can be little room for doubt that in Ohio these probate claim statutes are considered as nonclaim statutes and must be plead. Reese v Chapman, 23 O. L. Abs. 641.
3. If it is mandatory that the fiduciary plead the statute of limitations and he fails to do so, should, the payment of the judgment be disallowed in his account?
Judge Moore, of the Third Circuit Court, in the February Term in 1887, in deciding the case of Pollack v Pollack, in an action to set aside a judgment, Vol. II, O. C. C. 142, remarks:
“If a claim has been disallowed by the executor of an estate, and no reference had as provided, the party still has the right to bring his action within the time limited; but if he fails to do so the right is denied to him. No laches of the personal representative can enure to the benefit of the creditor. The estate should not be prejudiced by reason of such neglect.”
Although the exceptors in this case have not attempted to set aside the judgment of the Municipal Court of Cleveland, as was done in the Pollack case, the opinion of the court is applicable.
*195 In 24 C. J. 304, there appears the following:
“It is generally held that where a creditor of the estate recovers judgment against the representative and payment of the judgment is claimed from the real estate, or where the personal representative has paid the judgment and claims reimbursement from land, the heir or devisee may protect his interests by showing that the debt on which the judgment is founded was barred at the time of its rendition. although there is also authority for the view that this cannot be done unless fraud or collusion is shown.”
Although there are allegations of fraud and collusion between the administrator and the creditor, the evidence in the case at bar, the Court believes, does not disclose such fraud or collusion as would make the administrator liable for the payment of this claim on that evidence alone.
However, the courts, in discussing payment of a barred claim, speak of yet another type of fraud, not such as would of itself, in the absence of the limitations statute, inure to the benefit of the exceptor. This point is well considered in Re Hill’s Estate, 7 N. Y. Supp. 328, 329:
“The apparent defense of the statute of limitations was not interposed to the claim, or any part thereof, and all the material testimony that would in any way' be relied upon to sustain the claim was susceptible to objection under section 829, Code Civil Proe. Piad the former defense been interposed, I am of opinion that certainly the greater part of the claim would have been rejected: and, if the testimony is considered as though the latter objection had been insisted upon, the court would find nothing upon which to base a judgment in favor of the claimant. Reading the testimony taken upon the reference of the claim, and comparing the same with that taken on the accounting herein, I am forced to conclude that the judgment was obtained in such a manner that its authority will not be recognized in this proceeding. It has become an established rule, settled in the administration of justice, that, where a judgment has been fraudulently obtained, it may either be set aside by an action brought for that object, or the judgment itself may be defeated by a defense to any legal proceeding taken upon its authority. Richardson v Trimble, 38 Hun, 410, and cases cited. It is not necessary to bring an action to avoid the record. Mandeville v Reynolds, 68 N. Y. 528. See, also, Ward v Town of Southfield, 102 N. Y. 287, 6 N. E. Rep. 660. In Richardson v Trimble, supra, the term ‘fraud’ is defined by Justice Daniels, writing the opinion of the general term, as follows: ‘Fraud, “in the sense of a court of equity, properly includes all acts, omissions, and concealments which involve a breach of legal or equitable duty, trust, or confidence Justly reposed,, and are injurious to another, or by which an undue and unconscientious advantage is taken of another.” I Story, Eq. Jur. (5th Ed.) par. 187.’
“The facts I have briefly recited are established by the evidence, and constitute a valid defense to so much of this proceeding as is based upon the authority of the judgment. The failure of the administrators to interpose the available legal defenses was such a neglect of duty as to charge them with the damage occasioned to the estate by such failure. An executor or administrator is bound to set up the bar of the statute of limi *196 tations, and will not be allowed in his accounting any sum paid upon a debt which at the time of its payment by him was barred by the statute. Butler v Johnson, 111 N. Y. 204, 18 N. E. Rep. 643.”
In, Re Oosterhoudt’s Estate, 38 N. Y. S., 179, on page 185, the court says:
“This demand being barred, it was the duty of the executors to resist payment. An executor is bound to set up the bar of the statute, and he has no authority to allow a claim so barred as against an estate. A debt so barred, so far as the liabilities of an executor is concerned, is to be regarded as no debt. Butler v Johnson, 111 N. Y. 204. 18 N. E. 643. An executor cannot be allowed upon his accounting any sum paid by him on such a demand. Bloodgood v Bruen, 8 N. Y. 362; Bucklin v Chapin, 1 Lans. 443; Burnett v Noble, 5 Redf. 69.”
In Burnett v Noble, 5 Redf. 69, on page 73, the court held:
“The first ánd second exceptions .so far as they raise the question of statutory bar, should be overruled, for the more recent authorities, in this State, at least, hold that the statute of limitations is a complete bar, which the executor has no right to waive; that it is his duty to interpose the statute as a defense; and that the payment of a barred claim cannot be credited to him, on his account (Bloodgood v Bruen, 8 N. Y. 362; Bucklin v Chapin, 1 Lans. 443)”
After due consideration of the .law of the several states and the •decisions of this State, this Court is of the opinion that a personal representative of an estate cannot waive an administrative statute of limitations. He must plead such statute in defense of any action filed against the trust, and failure to do so makes him personally liable for any judgment had against the estate and paid out of the funds of the estate.
If the administrator, instead of serving in his fiduciary capacity, were made party defendant as an individual and failed on his own behalf to maintain a proper defense, he would suffer a personal loss and could not be heard to complain. :
“The degree of care, diligence, and prudence required by an executor or administrator is that which an ordinary man would exercise in the transaction of his own business.” Morris v Mull, 110 Oh St 623, 628.
Therefore, it would seem to follow that should he fail to properly defend, the fact that he is administrator should not relieve him of liability for failing so to do. To repeat the words of Judge Peck, of the Supreme Court of Ohio, in Harter, etc. v Taggart’s Executors, 14 Oh St 122, 126:
“The estate is also reasonably protected against a hasty or ill advised allowance. It is not conclusive when made but only prima facie evidence of the estate’s liability.”
The Court finds that Exception No. 2, to the allowance of bond premium paid to the United States Fidelity and Guaranty Co., is not well taken.
The Court finds that Exception No. 3 must be sustained, by virtue of §10506-45 GC:
“Immediatefy after his appointment and throughout the admin *197 istration of the trust, every fiduciary, pending distribution or investment pursuant to law, shall be required to deposit all funds received by him, in his name as such fiduciary, in one or more depositaries. * * *”
The Court finds that Exception No. 4, to the statutory compensation due the administrator, is not taken, and is overruled.