(20 Misc. Rep. 194.)

STIEFEL v. BERLIN et al.

(Supreme Court, Special Term, New York County.  April, 1897.)

1. SUPPLEMENTARY PROCEEDINGS—RECEIVERS—ACTIONS BY.
   Under 1 Rev. St. p. 766, § 20, providing that a transfer by a limited partnership, when insolvent or in contemplation of insolvency, shall be "void as against the creditors of such partnership," a receiver of a limited partnership appointed in supplementary proceedings may sue to set aside such transfer without making all the creditors parties.

2. SAME—VALIDITY OF APPOINTMENT.
   The objection that a proper execution had not been issued to authorize the appointment of a receiver of the judgment debtor cannot be raised in an action by the receiver.

Action by Mortimer Stiefel, as receiver of the firm of Blumenthal & Co., in supplementary proceedings against Samuel H. Berlin and others, to set aside a transfer of property made by the judgment creditors.    Judgment for plaintiff.

Edgar J. Lauer, for plaintiff.

Taylor & Parker, for defendants.

TRUAX, J.  The point raised by the defendants that this action is controlled by Bank v. Dillingham, 147 N. Y. 603, 42 N. E. 338, because all the creditors of the limited partnership are not parties to the action, is not well taken.  The statute upon which that action was brought provides that the directors of a stock corporation "consenting to the creation of any such debt shall be personally liable to the creditors of the corporation," while the statute relating to limited partnerships provides that a transfer like the one shown on the trial of this action "shall be void as against the creditors of such partnership."  It is in this respect like the provisions in 2 Rev. St. p. 135, § 1, and in Id. p. 137, § 1, which make assignments in trust for the assignor, and conveyances made with the intent to hinder, delay, or defraud creditors, void as against such creditors.  It has always been held under these last-mentioned statutes that the diligent creditor might maintain an action to set aside such assignments and conveyances for his own benefit, without making the other creditors of the assignor or grantor parties to the action.

The claim of the defendants that the plaintiff, as receiver, "has no legal capacity or title to maintain this action," cannot be sustained.  The defendants should have taken this objection either by demurrer or answer, and, not having done so, have waived it.  Code Civ. Proc. § 499.  The objection that the plaintiff has not the legal capacity to sue does not mean that the complaint does not state a cause of action.  Bank v. Edwards, 11 How. Prac. 216.  Moreover, chapter 314, Laws 1858, as amended, gives plaintiff, as receiver, the right to maintain this action.

The defendants also contend that plaintiff cannot maintain his action because it has not been shown that "he has exhausted his legal remedies."  By the expression in quotation marks, I suppose it is meant that the judgment creditor, on whose application plaintiff was appointed receiver, has not issued a proper execution against the property of the judgment debtor.  This point is not well taken.  This action is brought by the plaintiff as the representative of the judgment creditors on whose application he became appointed receiver, and in such an action the production and proof of an order made by a court or judge authorized by law to make it, in proceedings supplementary to execution, reciting the facts necessary to give such court or judge jurisdiction to act in the proceedings, furnishes conclusive evidence of the regularity of such order, when questioned collaterally, as it is in this action, and is prima facie evidence of the existence of the facts necessary to confer jurisdiction.  Wright v. Nostrand, 94 N. Y. 45, and cases there cited.

The statute under which recovery is sought by the plaintiff is to be found in Birdseye's Statutes (volume 2, p. 2242), and is otherwise known as 1 Rev. St. p. 766, § 20, and reads as follows:

"Every sale, assignment or transfer of any of the property or effects of such partnership, made by such partnership when insolvent, or in contemplation of insolvency, or after, or in contemplation of the insolvency of any partner, with the intent of giving a preference to any creditor of such part-

nership or insolvent partner, over other creditors of such partnership; and every judgment confessed, lien created, or security given, by such partnership, under the like circumstances, and with the like intent, shall be void as against the creditors of such partnership."

The evidence in this case shows that, at the time of the transfer to the defendant, the firm of Blumenthal & Co., the judgment debtors, were insolvent, and the only conclusion that I can draw from the evidence is that such transfer was made with the intent of giving a preference to the defendants over the other creditors of Blumenthal & Co., and therefore is void.

Judgment ordered for plaintiff, setting aside the transfer referred to, and ordering the defendants to account for the property of Blumenthal & Co. received by them, together with the costs of this action.