BOSTON AND MAINE RAILROAD, Plaintiff, *v.* DELAWARE AND HUDSON COMPANY and Another, Defendants.

Supreme Court, Albany County, December, 1932.

*Whalen, McNamee, Creble & Nichols* [*Robert E. Whalen* of counsel], for the plaintiff.

*Joseph Rosch,* for defendant Delaware and Hudson Company.

*Frank L. Wiswall,* for defendant MacAffer.

BLISS, J. These are motions by each of the defendants to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

The complaint alleges: That in the year 1916, at the instance of the defendant the Delaware and Hudson Company, an action was tried in Supreme Court, Saratoga county, between the Mechanicville and Fort Edward Railroad Company, plaintiff, and the Fitchburg Railroad Company and the Boston and Maine railroad, defendants, involving the title and right to possession of certain lands situated in Saratoga county now occupied by the main line tracks of the Boston and Maine railroad, in which it was adjudged, among other things, that the Mechanicville and Fort Edward Railroad Company had never held a stockholders' meeting, never elected a director, never issued a share of stock, never adopted by-laws, was not a corporation, and had not the legal capacity to sue. It was also adjudged that the Fitchburg Railroad Company was the owner in fee simple of these lands. (*Mechanicville & Ft. Edward R. R. Co. v. Fitchburg R. R. Co.,* 103 Misc. 46.) This judgment was affirmed by the Appellate Division, Third Department (190 App. Div. 887), from which judgment of affirmance no appeal was taken to the Court of Appeals. The Boston and Maine railroad, defendant in the instant action, is the successor in interest

by consolidation of the Fitchburg Railroad Company. In 1929 an action was commenced in Supreme Court, Albany county, by the Delaware and Hudson Company, plaintiff, against the Mechanicville and Fort Edward Railroad Company, defendant, in which upon a default it was adjudged that the Delaware and Hudson Company was a creditor and owner of all of the stock of the Mechanicville and Fort Edward Railroad Company, and was entitled to maintain said action against the Mechanicville and Fort Edward Company as an existing *de facto* corporation for its dissolution, and that judgment should be entered accordingly, which judgment appointed the defendant Kenneth S. MacAffer as receiver of the property, rights and assets of the Mechanicville and Fort Edward Railroad Company. The complaint further alleges that said judgment of dissolution and the appointment of the receiver were obtained through fraud in the concoction thereof by the defendant the Delaware and Hudson Company. The allegations as to the facts which constituted this fraud will be dealt with more at length later in this opinion.

The complaint further alleges that, at the instance of the defendant the Delaware and Hudson Company, this receiver has commenced two actions against the Boston and Maine railroad, one in the Supreme Court, Saratoga county, in ejectment to recover possession of the identical premises which were the subject of the 1916 action, and the other in Supreme Court, Albany county, for an accounting with respect to plaintiff's use and occupancy of these premises, which latter action is predicated upon a contract alleged to have been made on December 9, 1890, between the Mechanicville and Fort Edward Railroad Company and the Fitchburg Railroad Company.

. The alleged facts upon which the charge of fraud is based are that " one Henry T. Newcomb, who throughout the pendency of said 1916 action was counsel for said The Delaware and Hudson Company, who tried the case for the plaintiff in said 1916 action, who prepared and argued the appeal taken from the judgment in said 1916 action, and who throughout the pendency of said dissolution action was, and now is, the General Counsel for said The Delaware and Hudson Company, suppressed and concealed, and caused to be suppressed and concealed, from Mr. Justice STALEY, who presided at the trial of said dissolution action and signed said decision and granted said judgment therein, all knowledge and information of the material facts that said 1916 action had ever been brought, that said decision of Mr. Justice VAN KIRK· in said 1916 action had ever been made or filed, and that said judgment in said 1916 action had ever been granted or entered."

It is well settled that a court of equity may set aside a judgment which was obtained through fraud upon the court in an action brought for that purpose by any one injured thereby. However, the proof of fraud should be clear and convincing, and the judgment of a court properly obtained should not be dealt with lightly. Our Court of Appeals, writing in *Ward* v. *Town of Southfield* (102 N. Y. 287, 293), says, " It is not sufficient merely to raise a suspicion or to show what is sometimes called constructive fraud, but there must be actual fraud. There must be by one party a false and fraudulent representation, or a fraudulent affirmative act, or a fraudulent concealment of a fact for the purpose of obtaining an undue and an unjust advantage of the other party and procuring an unjust and unconscionable judgment. It is not practicable nor possible to formulate a rule on this subject which will be sufficient to solve all cases; but where fraudulent concealment of a fact is relied upon for the purpose of impeaching and setting aside a judgment regularly obtained, it must be an intentional concealment of a material and controlling fact for the purpose of misleading and taking an undue advantage of the opposite party. It would not be wise or politic to carry the rule so far as to make it incumbent upon every plaintiff to reveal to the defendant any infirmity in his case, and to require every defendant to reveal to the plaintiff every infirmity in his defense."

It is charged in the complaint that, because one Henry T. Newcomb, who was counsel for the Delaware and Hudson Company at the time, and who tried the case for the plaintiff in the 1916 action, concealed from the justice who presided at the trial of the dissolution action all knowledge and information concerning the judgment in the 1916 action he perpetrated a fraud upon the court. The Delaware and Hudson Company was not a party to the 1916 action. It is in no way bound by the result of that action, and the determinations in that action are not *res judicata* as against the Delaware and Hudson Company. Therefore, the determinations in the 1916 action were in no way material to the determination of the court in the dissolution action. Had the dissolution action been defended, the judgment in the 1916 action could not have been received in evidence upon its trial. Consequently, there was no obligation on the part of counsel for the plaintiff in the dissolution action to reveal to the court those matters which were determined in the 1916 action. It is the opinion of this court that the acts alleged in the complaint did not constitute fraud, and are not grounds for setting aside the judgment in the dissolution action.

The complaint is dismissed as to each of the defendants, with ten dollars costs of this motion to each of them.