BOSTON AND MAINE RAILROAD, Appellant, *v.* THE DELAWARE AND HUDSON COMPANY and Another, Purporting to Be and Claiming to Act as Receiver of the Property, Rights and Assets of THE MECHANICVILLE AND FORT EDWARD RAILROAD COMPANY, Respondents.*

Third Department, May 10, 1933.

* Revg. 146 Misc. 221.

*Whalen, McNamee, Creble & Nichols* [*Robert E. Whalen* of counsel], for the appellant.

*Joseph Rosch,* for the respondent Delaware and Hudson Company.

*Frank L. Wiswall* [*James L. Fitzgerald* of counsel], for the respondent Kenneth S. MacAffer, as receiver.

HEFFERNAN, J. Appellant has brought this suit in equity. Because its complaint has been held to be insufficient it is essential that we should scrutinize it with care. The material allegations are: That in August, 1916, at the instance of respondent railroad company, an action was commenced in the Supreme Court, Saratoga county, entitled " The Mechanicville and Fort Edward Railroad Company, Plaintiff against The Fitchburg Railroad Company, Boston and Maine Railroad, Lessee, Defendant," to which the receiver of the Boston and Maine Railroad was thereafter made a party; that such action was brought to recover possession of railroad lands situate in Saratoga county, together with damages for the alleged withholding of the possession thereof; that the action was tried before Mr. Justice VAN KIRK, who granted judgment dismissing the complaint upon the merits (103 Misc. 46); that such judgment was unanimously affirmed by this court (190 App. Div. 887); that the judgment therein determined, among other things:

(a) That the Mechanicville and Fort Edward Railroad Company had never held a stockholders' meeting, never elected a director, never issued a share of stock, never adopted by-laws, never completed any part of a railroad, never owned any rolling stock or railroad equipment and never operated or attempted to operate a railroad;

(b) That the subscribers to the articles of association of the Mechanicville and Fort Edward Railroad Company never paid any part of their respective subscriptions and that no money was ever paid for a share of its stock;

(c) That the Mechanicville and Fort Edward Railroad Company was not a corporation and had not the legal capacity to sue;

(d) That the alleged cause of action set forth in the complaint was barred by the Statute of Limitations;

(e) That the Fitchburg Railroad Company owned in fee simple a part of the railroad lands described in the complaint; that the Boston and Maine Railroad and its receiver were entitled, by virtue

of a lease from the Fitchburg Railroad Company, to immediate possession of such part; and that the remaining part of said railroad lands had reverted to the original owners thereof and to their successors in title, by reason of the failure of the Mechanicville and Fort Edward Railroad Company to construct its railroad within the time prescribed by statute.

It is further alleged that one Henry T. Newcomb, then counsel for respondent railroad, tried the action for the plaintiff and prosecuted the appeal in the Appellate Division; the pleading also shows that in 1919 appellant was organized as a railroad corporation, by virtue of a consolidation agreement to which the Fitchburg Railroad Company and Boston and Maine Railroad, lessee, and six other railroad corporations were parties, and thereupon appellant succeeded to and became the owner of all of the property rights of the constituent companies, including the Fitchburg Railroad Company and the former Boston and Maine Railroad; that in October, 1929, an action, purporting to be brought pursuant to section 71 of the General Corporation Law, was commenced in the Supreme Court, Albany county, by respondent, the Delaware and Hudson Company, entitled, " The Delaware and Hudson Company, Plaintiff, against The Mechanicville and Fort Edward Railroad Company, Defendant." Upon default judgment was rendered by Mr. Justice STALEY determining that the plaintiff there was a creditor and the owner of all of the stock of the Mechanicville and Fort Edward Railroad Company, against which, as an existing *de facto* corporation, the action was maintainable.

The judgment purported to appoint respondent MacAffer as receiver of the property, rights and assets of the Mechanicville and Fort Edward Railroad Company. Respondent MacAffer claims to have qualified and to be now acting as such receiver.

It is also alleged that the judgment in the dissolution action was obtained through fraud in the concoction thereof by the plaintiff in that said Henry T. Newcomb, who throughout the pendency of the dissolution action was general counsel for the Delaware and Hudson Company, suppressed and concealed, and caused to be suppressed and concealed, from Mr. Justice STALEY all knowledge and information that the 1916 action had ever been brought and the nature of the judgment therein. The complaint further shows that in October 1931, at the instance of respondent railroad, the corespondent claiming to be such receiver and acting as such commenced against appellant two actions in the Supreme Court which are now pending, viz.:

(a) An action, the venue whereof has been laid in the county of

Saratoga, brought in ejectment to recover possession of the identical premises which were the subject of the 1916 action, together with damages in the sum of $25,000 for the alleged withholding of the possession thereof;

(b) An action, the venue whereof has been laid in the county of Albany, brought for an accounting with respect to appellant's use and occupancy of the identical premises which were the subject of the 1916 action, and with respect to appellant's operation of trains thereon, the complaint therein setting forth an alleged cause of action predicated upon a contract alleged to have been made on the 9th day of December, 1890, between said the Mechanicville and Fort Edward Railroad Company and the said Fitchburg Railroad Company.

In this action the appellant seeks to vacate and set aside, on the ground of fraud in its procurement, the default judgment in the dissolution action and to restrain respondents from prosecuting the two actions which are now pending.

The sole question for our determination on this appeal is whether or not appellant is entitled, under the allegations of its pleading, to the equitable relief which it seeks.

The learned justice at Special Term, on application of respondents, dismissed the complaint for failure to state a cause of action and also granted their motions for judgment. From his opinion it is apparent that he based his decision on *Ward* v. *Town of Southfield* (102 N. Y. 287). That case dealt with the evidence produced at a trial and is not applicable to a complaint which is attacked for insufficiency.

In the actions which have been brought against it by the receiver the appellant cannot litigate the validity of the provisions of the judgment in the dissolution action. Where a receiver, appointed by a court of competent jurisdiction, sues, the defendant in such suit cannot attack collaterally the validity of the receiver's appointment which can be litigated only in an action directly assailing the appointment. (*Wright* v. *Nostrand*, 94 N. Y. 31; *Jones* v. *Blun*, 145 id. 333; *Stiefel* v. *Berlin*, 20 Misc. 194; modfd., 28 App. Div. 103.) Only by an action in equity may appellant, not a party to the dissolution action, attack the validity of the receiver's appointment. (*Whittlesey* v. *Delaney*, 73 N. Y. 571; *Felts* v. *Martin*, 20 App. Div. 60; *Hackley* v. *Draper*, 60 N. Y. 88.)

The only frauds for which a judgment will be set aside in an independent action are those which are extrinsic or collateral to the matter tried by the first court, and not a fraud in the matter on which the decree was rendered. (*Gitler* v. *Russian Co.*, 124 App. Div. 273; *United States* v. *Throckmorton*, 98 U. S. 61.)

Concealment of material facts for the purpose of securing a judgment is a species of fraud which courts of equity have quite uniformly relieved against. It is often difficult to distinguish between facts which a party is bound in good faith to disclose and facts which he is under no obligation to present to the court. To constitute fraud there must be a duty of communication. The concealment of a fact which one is bound to disclose is an indirect representation that such fact does not exist and constitutes a fraud. (26 C. J. 1072, 1073.) It matters little as to the mode or manner in which fraud is effected. A court looks to the effect and pauses only to ask if the result is a consequence of the fraud.

It is a rule of equity as well as of law that a *suppressio veri* is equivalent to a *suggestio falsi.* (*Fleming* v. *Slocum*, 18 Johns. 403.) The one acts negatively, the other positively; both are calculated, in different ways, to produce the same result. It is equally competent for the court to relieve against it whether it is committed in one way or the other. Fraud is the arch enemy of equity, and a court of equity will relieve against a judgment obtained by imposition or fraud. (*Thomason* v. *Thompson*, 129 Ga. 440.)

It is for fraud in the very concoction or procurement of the judgment assailed that a court of equity will set it aside. (*Ross* v. *Wood*, 70 N. Y. 8; *Ward* v. *Town of Southfield*, 102 id. 287; *Mayor, etc., of N. Y.* v. *Brady*, 115 id. 599; *Gardiner* v. *Van Alstyne*, 22 App. Div. 579.)

Where the jurisdiction of a court of law is acquired by the fraudulent concoction of a simulated cause of action, the fraud itself to be consummated through the instrumentality of a court of justice, the protection of the court demands that there shall be a remedy. (*Bolden* v. *Sloss Sheffield Steel & Iron Co.*, 215 Ala. 334.)

The complaint in this action presents a unique picture regarding the status of the Mechanicville and Fort Edward Railroad Company. In 1916 the Supreme Court solemnly adjudicated that such a corporation never came into being. In 1930 the same court by its judgment assumed to terminate its existence. Obviously these two pronouncements are inconsistent and irreconcilable.

Appellant in its pleading charges fraud on the part of the general counsel of the respondent railroad in deceiving Mr. Justice STALEY in failing to fairly and frankly advise him of the judgment on record in the office of the clerk of the Supreme Court in Saratoga county. In the light of subsequent events it is quite obvious that the dissolution action was aimed at the appellant as evidenced by the two actions subsequently brought against it by the receiver. It seems to us that the charge of suppression and concealment is sufficiently broad to permit proof at the trial of acts constituting not merely

constructive fraud but actual fraud upon the part of the respondent's general counsel. If fraud was committed by its counsel respondent railroad must answer. (*Fishkill Savings Institution* v. *National Bank*, 80 N. Y. 162; *Cragie* v. *Hadley*, 99 id. 131; *Jarvis* v. *Manhattan Beach Co.*, 148 id. 652.) If counsel for respondent railroad had communicated all the facts in his possession to Mr. Justice STALEY it is at least questionable if he would have rendered a judgment of dissolution without further investigation or inquiry. The 1916 action, it is alleged, was begun at the instance of respondent railroad; its general counsel played a leading part in that suit. From this it may be inferred that it had an interest therein. This complaint is broad enough to permit proof that it is bound by that judgment although not a party of record. A party who procures the rendition of a judgment in a given cause cannot afterwards be heard to impeach that judgment in any respect for his own benefit. (*Van Koughnet* v. *Dennie*, 68 Hun, 179; 34 C. J. 1006.)

It seems to us, therefore, that Mr. Justice STALEY was entitled to a full disclosure to the end that he might not unwittingly give his judicial sanction to what the Court of Appeals has termed " the unseemly spectacle of inconsistent judgments rendered by the same court." (*Steinbach* v. *Prudential Ins. Co.*, 172 N. Y. 471.)

Upon a motion to dismiss a complaint upon the ground that it does not state facts sufficient to constitute a cause of action " every intendment and fair inference is in favor of the pleading." (*Madole* v. *Gavin*, 215 App. Div. 299; *Marie* v. *Garrison*, 83 N. Y. 14.) If in any aspect upon the facts stated the appellant is entitled to a recovery, the motion should be denied. (*Dyer* v. *Broadway Central Bank*, 252 N. Y. 430.)

Analysed in the light of this rule this complaint states a cause of action. Sufficient is shown to permit the appellant to establish, if it can, the allegations of its complaint. It is entitled to have the matters it alleges inquired into and adjudicated. It may be that it is not entitled to any relief, but that must await the developments of the trial. It is rare that the court is justified in turning a plaintiff out of court on a preliminary motion. (*National Park Bank* v. *Goddard*, 131 N. Y. 494.)

The respondents urge that appellant has an adequate remedy at law. We do not agree with that contention. As has been already stated, the receiver's appointment is not open to collateral attack. In order to deny one the relief which a court of equity can give, it is not in all cases sufficient that there be a remedy at law. The remedy must be plain and adequate and as certain, prompt, complete and efficient to attain the ends of justice and its prompt administration as the remedy in equity. (*Dailey* v. *City of New*

*York,* 170 App. Div. 267; affd., 218 N. Y. 665; *Rice* v. *Van Vranken,* 132 Misc. 82; affd., 225 App. Div. 179; affd., 255 N. Y. 541.)

The judgment under review, as well as the two orders upon which it rests, should be reversed, with costs and disbursements, and the motions denied, with costs.

HILL, P. J., and CRAPSER, J., concur; RHODES, J., concurs upon the grounds stated in the opinion, and also upon the further ground that if it be assumed that the Delaware and Hudson Company was not guilty of concealment amounting to fraud in the concoction of the judgment, nevertheless the complaint here states a good cause of action in equity. The receiver which the Delaware and Hudson Company procured to be appointed stands in the position of the Mechanicville and Fort Edward Railroad Company and of the Delaware and Hudson Company in the actions which the receiver has brought against the Boston and Maine Railroad. Thus, as between the Boston and Maine Railroad and the receiver, in the actions brought by the receiver, the 1916 judgment is binding because the predecessors of both parties to the receiver's actions were parties to the 1916 action. While such judgment might be set up as a defense to the actions brought by the receiver, it seems proper that the effect of such judgment be invoked in equity in order to prevent a multiplicity of suits.

Judgment and orders reversed on the law, with costs, and each motion denied, with ten dollars costs.