BOSTON AND MAINE RAILROAD, Appellant, *v.* THE DELAWARE AND HUDSON COMPANY, Respondent.

Judgment affirmed, with costs. Hill, P. J., Rhodes, Bliss and Heffernan, JJ., concur; CRAPSER, J., dissents and votes for reversal with an opinion.

CRAPSER, J. (dissenting). The action is brought to obtain an injunction permanently restraining the defendant (a) from further prosecuting, or procuring or suffering to be further prosecuted, the action which defendant had brought for the dissolution of the so-called The Mechanicville and Fort Edward Railroad Company, which dissolution action was considered by this court in the equity suit of *Boston & Maine R. R.* v. *Delaware & Hudson* (238 App. Div. 191), decided in May, 1933; and (b) from commencing or prosecuting, or procuring or suffering to be prosecuted, any action at law, suit in equity or special proceeding wherein there shall be asserted, claimed or alleged any right, title or interest on the part of The Mechanicville and Fort Edward Railroad Company of, in or to any part of the railroad premises described in Schedule "A" annexed to the complaint. In 1916 there was commenced in the Supreme Court an action, the venue whereof was laid in Saratoga county, entitled " The Mechanicville and Fort Edward Railroad Company, Plaintiff, against The Fitchburg Railroad Company, Boston and Maine Railroad, Lessee," and designated in the complaint herein as " said 1916 action," to which James H. Hustis, as receiver of Boston and Maine Railroad, was thereafter made a party defendant. The 1916 action was brought in ejectment to recover possession of certain railroad premises in Saratoga county, more particularly described in Schedule "A" annexed to the complaint herein, together with damages in the sum of $25,000 for the alleged withholding of possession thereof. The issues in the 1916 action were tried before Mr. Justice Van Kirk, resulting in a dismissal of the complaint upon the merits pursuant to his opinion (reported in 103 Misc. 46), his written decision having been filed and judgment thereon entered in Saratoga county clerk's office March 18, 1918. The judgment dismissing the complaint in the 1916 action was unanimously affirmed by this court, without opinion (190 App. Div.

887), and from this court's judgment of affirmance, entered in Saratoga county clerk's office March 18, 1918, no appeal was ever taken to the Court of Appeals. It is alleged in the complaint, but denied in the answer, that the 1916 action was commenced at the instance of the Delaware and Hudson. In the 1916 action it was determined (a) that the plaintiff had never held a stockholders' meeting, never issued a share of stock, never adopted by-laws, that the subscribers to plaintiff's articles of association had never paid any part of their respective subscriptions, that no money was ever paid for a share of stock, that they never completed any part of the railroad, never owned any rolling stock, never operated or attempted to operate any part of the railroad. In the 1916 action it was also decided that the plaintiff, at the time of the commencement of the action, was not a corporation, and had no legal capacity to sue. In the 1916 action the premises described in the complaint were considered in two parts, viz., (1) commonly known as the main line of the Boston and Maine railroad, being the portion thereof extending from the tracks of the Rensselaer and Saratoga railroad in Mechanicville for a distance of about one and a quarter miles in a northerly direction to the northerly switch of the Saratoga Junction where the main line tracks of the Boston and Maine railroad curve towards and across the Hudson river bridge to Boston, Mass.; (2) that portion of the railroad premises described in the complaint in the 1916 action, known as the Stillwater branch, which extends from the northerly switch at the Saratoga Junction of the Boston and Maine railroad northerly about one and one-quarter miles to the village of Stillwater. With respect to the main line it was found and decided in the 1916 action that the Fitchburg was the owner and that the Boston and Maine railroad was entitled to immediate possession thereof under a lease, and that the Mechanicville and Fort Edward was not the owner of any part thereof. In regard to the Stillwater branch it was decided that the Mechanicville and Fort Edward railroad had been divested of all title thereto or rights therein because of its failure to construct its railroad within the time prescribed by law and that such rights had reverted to the original owners thereof or their successors in title. The 1916 action also decided that the twenty-year Statute of Limitations was a bar to the maintenance of that action both as to the main line and the Stillwater branch. The plaintiff succeeded to all the rights through the reorganization of all defendant companies in the 1916 action. In October, 1929, the Delaware and Hudson Company began an action against The Mechanicville and Fort Edward Railroad Company under article 7 of the General Corporation Law for dissolution. A judgment was obtained by default and Kenneth S. MacAffer was appointed receiver of the property, rights and assets of The Mechanicville and Fort Edward Railroad Company. In October, 1931, MacAffer, as such receiver, commenced two actions, as follows: (a) An action in Saratoga county in ejectment to recover possession of the identical premises which were the subject of the 1916 action; (b) an action in Albany county for an accounting with respect to the Boston and Maine's use of the premises which were the subject of the 1916 action. In December, 1931, the Boston and Maine commenced suit in equity in Albany county to vacate and set aside the judgment of dissolution on the ground it was brought about by fraud by the failure of H. T. Newcomb to call to the court's attention the judgment in the 1916 action and the complaint in this action was dismissed at Special Term on the ground that it did not state facts sufficient to constitute a cause of action. (146 Misc. 221.) The order of dismissal was reversed on appeal by the Appellate

Division. (238 App. Div. 191.) Thereafter, and on May 25, 1933, the Delaware and Hudson Company in an *ex parte* application caused the judgment of dissolution appointing the receiver to be canceled, and on June 2, 1933, the Boston and Maine commenced this injunction suit against the Delaware and Hudson. Upon the trial of this injunction suit, testimony was given that only the day before, deeds had been found to thirty-six parcels of land in the town of Moreau and others in the town of Northumberland, all far north of the railroad lands in controversy, conveyed to the Mechanicville and Fort Edward in 1882 and 1888 and that the taxes had been paid by the Delaware and Hudson from 1893 to 1930. These lands had been in no way included or mentioned in the 1916 action. The court below found that the Mechanicville and Fort Edward had no title to the main line and that the Delaware and Hudson was bound by the determination to that effect made in the 1916 action. The court says in the case at bar that the evidence indicates that the Delaware and Hudson was interested in the 1916 litigation but it does not appear that it had a right to control that decision and then concludes that in so far as the judgment of the 1916 action determined that The Mechanicville and Fort Edward Railroad Company was not a corporation that determination was not binding upon the Delaware and Hudson Corporation. I cannot agree with this. By the seventeenth finding of fact the court below has found: " That the said The Mechanicville & Fort Edward Railroad Company was financed and incorporated by The Delaware & Hudson Company and was treated and considered, from its inception, as a subsidiary of said The Delaware and Hudson Company by the officers and officials of said The Delaware & Hudson Company." This finding was not excepted to by the Boston and Maine. Judge Noyes was general counsel for the Delaware and Hudson throughout the pendency of the 1916 action and was the attorney for the plaintiff therein. Mr. Newcomb was then employed in the law department of the Delaware and Hudson and subsequently was general solicitor and general counsel and at the request of Judge Noyes he mostly prepared the plaintiff's case in the 1916 action and he participated actively in the trial and argued the appeal therein taken before the Appellate Division. Mr. Newcomb, in answer to a question as to who paid him for his services in the 1916 action, said: " I performed services — there were at that time I think nearly 50 subsidiaries of the Delaware & Hudson system. I performed services from time to time for very many of those subsidiaries, and I looked on the Mechanicville & Fort Edward as a subsidiary. I was so advised. And Judge Noyes was general counsel of all the subsidiaries of the Delaware & Hudson Company. I was in the habit of rendering bills, no matter who I worked for, * * * ; I rendered bills to the Delaware & Hudson Company. I knew as a matter of fact it was the practice of the accountant to distribute those bills and bill them out to the other companies, but the Delaware & Hudson Company took care of me primarily." The general rule is that a former adjudication to be available as pleaded must have been a previous determination of the same issues between the same parties or their privies. Under the term " parties " in this connection the law includes all those who were directly interested in the subject-matter and had a right to make a defense or to control the proceeding or to appeal from the judgment. The entire proceedings in the 1916 action were carried on by the general counsel and the bills were rendered to the Delaware and Hudson Company, the papers were prepared in their office, under their direction, they regarded it as one of their subsidiaries. From the

record it is clear and plain that no one else but the Delaware and Hudson Company could have started the 1916 action or could have appealed it. They are bound by the judgment in that action entirely. (*Donahue* v. *New York Life Ins. Co.*, 259 N. Y. 98.) One who prosecutes or defends suit in name of another, or assists therein to protect his own interest openly and to the knowledge of the opposing party, is bound by the judgment therein. (*Columbia Ins. Co. of New Jersey* v. *Waterman Co.*, 11 F. [2d] 216.) *Fish* v. *Vanderlip* (218 N. Y. 29), upon which the trial court below bases the judgment binding upon the Delaware and Hudson Company under the evidence in this case rather than to relieve it from the effects of it, it was their action. They have not only brought and concluded the 1916 action and the appeal therein through their attorneys, but they caused the 1929 action to be brought and the two actions in 1931. The only way in which the Boston and Maine could get the full benefit of the judgment in the 1916 action was by the present action in equity. This court decided (in 238 App. Div. 194) that the Boston and Maine could not attack collaterally the validity of the receiver's appointment; such validity could only be litigated in an action directly assailing the appointment; that only by an action in equity could the Boston and Maine, not a party to the dissolution action, attack the validity of the receiver's appointment. It is true the Delaware and Hudson by voluntarily annulling their first judgment of dissolution, sought to overcome that objection by offering the Boston and Maine an opportunity to be a party in the dissolution action, but their having a perfectly good judgment in the 1916 action it was not necessary for them to do more than to continue their action asking the court to restrain all persons from again litigating the matters that had been determined in the 1916 action and which were binding and which according to my view are binding on the parties to the present action. An adequate remedy at law which will negative a remedy in equity must be as practical, speedy, plain and complete as the remedy in equity. (10 R. C. L. 277.) To avoid circuity of action a court of equity on a bill being filed for a purpose clearly cognizable in equity may and usually will proceed to take jurisdiction of all the matters in controversy between the parties, whether they be of a legal or equitable character, instead of sending them to a court of law. The earliest instances of this seem to have arisen in the case of bills of peace, which, as the name indicates, are bil's filed to prevent the vexatious recurrence of litigation affecting a party's right. Such bills are of two kinds: (1) bills brought to establish one general right between a single party on one side and a great number of persons on the other, where such right could not be determined except by interminable litigation between the different parties; and (2) bills brought between two parties to prevent further litigation of a right after it has been satisfactorily established by one or more trials at law. (10 R. C. L. 281.) The instant case is a suit in equity between the plaintiff and defendant to prevent litigation of a right which has been entirely established by the judgment in the 1916 action. The judgment under review should be reversed and the plaintiff should have judgment restraining the defendant the Delaware and Hudson Company, its officers, directors, agents, attorneys and employees and each of them, and all persons and corporations claiming from, through or under the defendant should be permanently enjoined and restrained from commencing or prosecuting or procuring or suffering to be prosecuted any action at law, suit in equity or special proceeding wherein it shall be asserted, claimed or alleged that all matters found and decided by the

judgment in the 1916 action are not binding upon the said defendant and wherein it shall be asserted that the Mechanicville and Fort Edward Railroad Company has any right, title or interest of, in or to any part of the railroad premises described in Schedule "A" annexed to the complaint.