INDUSTRIAL BANK OF COMMERCE, Plaintiff, *v.* CHRISTIAN SELLING, Defendant.

City Court of the City of New York, Trial Term, New York County, October 21, 1952.

*John J. Dwyer* and *Robert Ohnemus* for plaintiff.

*John L. Sullivan* for defendant.

LUPIANO, J. This is a nonjury action based on fraud and deceit wherein plaintiff bank alleges that false representations concerning the defendant's financial condition were made by defendant to secure a loan.

Defendant had been continuously in debt to plaintiff or its predecessor bank for a period of about twenty-six years. There had been over thirty-five loans negotiated prior to the controversial one.

On August 2, 1949, the defendant was already in plaintiff's debt upon an installment loan of $1,500. He then applied to the bank for another loan which in effect superseded the old and required lesser installment payments over an extended period of time. A bookkeeping transaction was entered into whereby the old debt was cancelled and a new loan was made for approximately the same amount as the standing indebtedness. Defendant received $8.28 as a result of this paper transaction.

At the happening of this so-called renewal transaction, Mr. Reardon, loan officer and interviewer of the bank, on behalf of the defendant, filled out the usual printed application in defendant's presence. No questions were asked defendant regarding unfilled parts and the form was submitted to defendant in an incomplete state. Defendant signed the application and a new note in the amount of the negotiated debt. Above his signature on the application form was the following statement:

" The undersigned................certifies that all of the statements and certifications mentioned in and accompanying this application have been read by him and are true and complete and may be relied on by the bank."

Ten questions are not answered. Among these are some relating to defendant's financial responsibility which particularly required the applicant to " list other than installment debts " and to state " total amount of your debts " and " all outstanding installment loans and installment purchases." None of these particulars is stated and answered except in reference to defendant's standing indebtedness to the plaintiff. This application was received and approved in such incomplete form by Mr. Unity, a member of the loan discount committee and assistant vice-president, even though this admonition appears thereon: " For applicant only — Please answer fully."

Subsequently, defendant defaulted in payments and he confessed judgment for the balance. After entry of judgment, plaintiff discovered that at the time defendant applied for the

" renewal loan " he had other debts outstanding, some of which were installment loans. Thereupon, the present action sounding in fraud was instituted. The sum claimed as damages is the same amount for which judgment had been previously confessed. Said judgment was entered on May 26, 1950, in City Court, Queens County. Thereafter a supplementary proceeding followed, and in such course it was discovered during the judgment debtor's examination that at the time of the instant application the defendant was obligated to pay installment loans to two money lending institutions; owed one Joseph Freedman about $2,000 and was indebted on premium accounts to several insurance companies because of his insurance brokerage business. The picture thus presented depicts the applicant defendant as a financially burdened man when he sought to decrease his obligatory monthly payments from $125 to $69.

Nevertheless, I cannot find favorably for plaintiff who now seeks a fraud judgment which would give plaintiff the different and additional remedy of body execution and make such judgment immune to discharge under the National Bankruptcy Act.

Firstly, the defendant's objection to the maintenance of the present action, after judgment has already been obtained, is not sustained under the circumstances. Plaintiff had the right to maintain this action in fraud if the facts offered as fraudulent conduct were discovered after entry of the first judgment. The latter judgment would constitute no bar, in the first instance, to an action for damages based on fraud later discovered. Then the plaintiff would have the right to test its complaint based on the newly discovered facts which, if successful, would give a different remedy not available under the contract judgment (*Morris Plan Ind. Bank of New York* v. *Rives,* 180 Misc. 495). The recovery upon contract is not merged with fraud undiscovered before the entry of the first judgment (*Local Loan Co.* v. *Guinessey,* 33 N. Y. S. 2d 62). There is no discharge by merger nor bar by election of remedies (*Albany Hardware & Iron Co.* v. *Day,* 11 App. Div. 230). While the remedies involved in the different actions are alternative, no conclusive election was made in the circumstances. Better justice will not grant both alternative remedies for that would create double reparation for single injury. Hence manifestation of choice is required. To compensate the injured party for the unpaid loan is one manner of justice; to award damage arising from fraud connected with the contract is another. Both would be refused concurrently as harsh justice. However, while one remedy

has been undertaken, no election of alternative relief could be concluded during the same procedure because the necessary facts were unknown — hence election of remedy is not chargeable in fact or by force of estoppel conduct. "A judgment in one action is conclusive in a later one not only as to any matters actually litigated therein, but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights established by the first." (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, 306–307).

The defendant does not show any impairment of rights or interest established in the first action (see *Morris Plan Ind. Bank of New York* v. *Rives, supra*), or that the charge of previous adjudication should prevail. Obviously, the latter defense is the answer necessarily devised against multiple and vexatious litigation. The lack of knowledge, already making its importance felt herein rejecting election of remedies will also serve as proper excuse and answer against any "vexatious" argument. Two actions were necessary to protect and test the different issues raised by the plaintiff. The present one is allowed (*Modern Ind. Bank* v. *Landwehr*, 112 N. Y. S. 2d 36).

On the merits, the issue presented here is whether defendant's nondisclosure is tantamount to fraud. It is obvious that no affirmative fraudulent representations were made. However, plaintiff contends that the alleged concealment by defendant of outstanding debts with certification of veracity is sufficient together with the existence of the necessary elements, viz., falsity, scienter, deception and injury.

Defendant's failure to answer, in and of itself, constitutes no fraud (*Noved Realty Corp.* v. *A. A. P. Co.*, 250 App. Div. 1). No intentional concealment of a material nature is shown. An officer of the plaintiff inserted the answers. Taking up the job himself on the form provided by the company, such a form could well have elicited, with insistence, the truthful information or affirmative false answers to form a proper basis of fraud. At no time was defendant's attention directed to the unanswered questions; nor was the materiality of the unanswered questions manifested by either party. It is true that "The concealment of a fact which one is bound to disclose is an indirect representation that such fact does not exist and constitutes a fraud." (*Boston & Maine R. R.* v. *Delaware & Hudson Co.*, 238 App. Div. 191, 195.) But such a duty must naturally spring from a

fiduciary relationship or where one is in good faith bound to disclose the truth and " It is not fraud for one party to say nothing on the subject where no confidential or fiduciary relation exists and where no false statement or acts to mislead are made " (*Amend* v. *Hurley*, 293 N. Y. 587, 596; citing *Peoples' Bank of the City of New York* v. *Bogart*, 81 N. Y. 101 and *Dambmann* v. *Schulting*, 75 N. Y. 55).

Defendant was under no fiduciary duty or other compelling duty to make a disclosure. No artful concealment thereupon resulted. (See *Amend* v. *Hurley, supra*.) More rooted to our problem is the case of *Parker* v. *Otsego Co. Farmers Co-op. Fire Ins. Co.* (47 App. Div. 204, affd. 168 N. Y. 655) involving omissive conduct in a fire insurance application. In all types of insurance, except marine insurance, concealment alone of material facts does not affect validity of the policy unless there is knowledge by the insured that the fact concealed was material and such applicant suppresses the material with intention to defraud. Therefore the following enunciation expressed in the cited case at pages 206–207 becomes pertinent herein: " If this application, on the other hand, was made upon a printed form furnished by the company, and this paragraph was entirely in print when furnished, it would appear that the applicant had paid no heed to it, and had in no way shown that he had answered it or adopted it as a positive declaration; he neither assented nor dissented, but left it as the company made it, uncertain and meaning literally nothing as an affirmative statement. It is clear the company intended that it should be answered. It was returned to the company incomplete because not answered — not made certain — and in the precise condition in which it was submitted to the applicant. This, I think, should not have been overlooked by the company. It had no right to assume anything from that beyond the fact that the applicant declined to state what the amount of the incumbrances actually was; that he entirely ignored any effort on the part of the company to have him state as to incumbrances. * * * The further claim of appellant that the policy was void because of fraudulent concealment of the material fact that there were incumbrances is, I think, untenable for the reason that there was no fraudulent concealment. The failure to answer the question implied in the paragraph referred to, or answering it to a certain point and not completing his answer, was notice to the company simply that he declined to divulge, and the company might or might not issue to him a policy as it pleased, on such

facts as the company had. It was not concealment of which the company was not advised before the policy was issued, and, therefore, was not fraudulent.''

The affirmation by defendant that all ''statements and certifications '' in the application were '' true and complete '' adds nothing to plaintiff's contention. Defendant made no statements or certifications in failing to answer, in any manner, the questions propounded. Had he purported to respond to the interrogatories in issue, and not fully or truthfully completed his answers, then the issue of fraud might be presented by such certification; such is clearly not the case.

Ultimately, the plaintiff did not rely on the alleged suppressed facts or if it did not know of the truth, it cared little to find out and was content to rely on the past credit performance of its erstwhile good client. A person indifferent is not a person deceived.

Upon the reasoning and findings stated above, constituting the decision of the court as required by statute, the complaint is dismissed and judgment may be entered accordingly.