Miles F. McDonald, J.
Motion for an injunction pendente granted cause set down for trial at Special Term, Part III, of this court for June 6, 1960, subject to the consent of the Justice therein presiding or for such other date as the said Justice may direct.
This is a stockholder’s derivative action instituted by the plaintiff on behalf of himself and others similarly situated to enjoin certain proposed transactions between the defendant Molehr Corporation, the individual defendants and The Ocean-Dune Apartments Corp. The plaintiff and the individual defendants are each the owners of one third of the outstanding stock of the defendant Molehr Corporation and comprise the board of directors thereof. The sole asset of this corporation is a parcel of improved real property known as No. 23 William Street in the City of New York valued at approximately *340 $250,000, and 250 shares of the capital stock of The Ocean-Dune Apartments Corp., a Summer resort motel at Bast Hampton, Suffolk County, N. T. The plaintiff and the individual defendants are also the principal stockholders in three other corporations which, however, are not concerned in this action. The stock in The Ocean-Dune Apartments Corp. is distributed as follows: 28% shares owned by the plaintiff, 38% shares owned by the individual defendant William Lehrman, 28% shares owned by the individual defendant Harry Lehrman, 250 shares owned by Molehr Corporation, previously referred to. The remaining 44 shares out of a total issue of 389 shares are owned by two corporations in which the plaintiff and defendants have an interest and by two individuals. Plaintiff and the individual defendants constitute the board of directors of this corporation. The defendant Molehr Corporation and The Ocean-Dune Apartments Corp. have no common interest other than the stock ownership by Molehr Corporation in The Ocean-Dune Apartments Corp., the Molehr Corporation being the majority stockholder in The Ocean-Dune Apartments Cprp.
The Ocean-Dune Apartments Corp. operates a resort motel at the eastern end of Long Island and in its operations for the fiscal year ending September 30, 1958 realized a net loss of $147.24, due in large portion to a depreciation account provided for amortization of its indebtedness in the approximate sum of $20,000. In the fiscal year ending September 30, 1959 the operations resulted in a net profit of approximately $6,800. During the same period, depreciation carried on the company’s books with reflected amortization of their indebtedness amounted to approximately $20,000. During the period of the company’s operations since 1954 this company has reduced its mortgage indebtedness by approximately $50,000. The defendants constitute the majority of the board of directors and The Ocean-Dune Apartments Corp. now proposes to enlarge the operation and to construct 16 additional units which it is alleged would increase the gross income from the operation by approximately $25,000 and the net income by approximately $16,500. Such construction, including furnishings of the new apartments, will cost approximately $120,000 of capital expenses. The individual defendants, as a majority of the board of directors of the Molehr Corporation, now propose to finance construction by having Molehr lend to Ocean-Dune Corp. approximately $125,000 upon the unsecured note of The Ocean-Dune Apartments Corp., which would be subordinate to the rights of the creditors of The Ocean-Dune Apartments Corp. Molehr was to raise said funds by borrowing $50,000 on its note in the *341 form of a bank loan and by selling 150 shares of stock of The Ocean-Dune Apartments Corp. to the plaintiff and the individual defendants at the book value thereof of $485 per share. When the plaintiff refused to consent to such plan and to purchase 50 shares of said stock at said price, the individual defendants proposed to purchase all of said stock on their private account. These transactions carried out as proposed would reduce the equity of Molehr Corporation in The Ocean-Dune Apartments Corp. and leave it in a position of a minority stockholder and at the same time increase its investment in said corporation. The individual defendants, again acting in their corporate capacities, proposed to compensate the individual defendant William Lehrman for his services to the Molehr Corporation in this transaction by transferring to him 10 additional shares of The Ocean-Dune Apartments Corp. stock owned by the Molehr Corporation, and to further compensate him for services rendered to The Ocean-Dune Apartments Corp. by authorizing an additional 10 shares of stock in that corporation similarly to be paid for services to be rendered. The effect of both of these resolutions would further diminish the interest of the plaintiff in the Molehr Corporation and The Ocean-Dune Apartments Corp. The gravamen of the plaintiff’s complaint is to the effect that the proposed actions are ultra vires and not within the powers of the Molehr Corporation, and the further ground that said acts would be a breach of the fiduciary relationship which the individual defendants, as directors, owe to the Molehr Corporation in that the said acts are in no way beneficial to the Molehr Corporation but are intended to be performed for the sole benefit of The Ocean-Dune Apartments Corp. and the individual defendants as stockholders therein.
The corporate charter of defendant Molehr Corporation does contain authorization for it to borrow money but such authority is limited “ for its corporate purposes ”; nor is there any power contained therein authorizing the corporation to lend money for any purpose whatsoever. Defendants contend that the Molehr Corporation, both by virtue of the previously quoted provision of this charter and section 16 of the Stock Corporation Law, has the power to borrow money for its corporate purposes. With this the court agrees. However the question presented here is whether or not the financial arrangements proposed are for the corporate purposes of the Molehr Corporation. While it is true that a corporation has the power to borrow money and to lend the same to a subsidiary corporation, such power is limited to any situations where the benefit to the subsidiary corporation is also a benefit to the parent *342 company (Curtis v. Leavitt, 15 N. Y. 9; Venner v. New York Cent. & Hudson Riv. R. R. Co., 160 App. Div. 127). It is difficult to ascertain how, under any of the circumstances presented here, any benefit accrues to the Molehr Corporation, for if the proposed action is carried out Molehr Corporation will have increased its investment in The Ocean-Dune Apartments Corp. and at the same time have reduced its stock ownership from a majority to a minority interest. The defendants also contend that plaintiff has an adequate remedy at law. Even if the Molehr Corporation might be entitled to recover damages by virtue of the proposed action, they would be limited as far as their right to collect by the fact that their loans are subordinate to the existing mortgage and rights of other creditors. To confine the plaintiff to a law action the remedy must be adequate and as certain, prompt, complete and efficient to attain the ends of justice and its prompt administration as the remedy in equity (Boston & Maine R. R. v. Delaware Hudson Co., 238 App. Div. 191). This does not appear in the present situation. While it is possible on a trial of this action that defendants may convince the court that the proposed transactions will inure to the benefit of the Molehr Corporation, until such showing they should be enjoined for the reasons herein set forth. Settle order.