Anthony J. Di Giovahna, J.
In this action for fraud, plaintiff moves pursuant to subdivision 5 of section 826 of the Civil Practice Act, for an order of arrest of the two defendants prior to judgment. Said statutory provision specifies that such a remedy may be had in an action to recover damages for fraud, or deceit.
This action is one to recover as damages the sum of $13,990.25, representing the cost of purchases allegedly made by defendants and charged to plaintiff under a credit arrangement between plaintiff and defendants providing for reimbursement of plaintiff by defendants for charges so incurred.
Two of the three causes of action set forth in the complaint are directed against the two defendants, Gordon and Schwartz, *1062 jointly, and allege that said defendants had fraudulently induced plaintiff to extend credit in that they had no intention of ever reimbursing plaintiff (first cause of action) and were knowingly insolvent and without assets or income with which to reimburse plaintiff (second cause of action) at the time they incurred the charges in question.
The third cause of action, which is for recovery of the same damages, is directed at the defendant Schwartz solely, and charges said defendant with having fraudulently induced plaintiff to extend credit to him by signing a ‘1 credit application ’ ’ to plaintiff under a false name ‘ ‘ for the purpose of concealing his identity and to conceal from the plaintiff the fact ’ ’ that the said defendant was a judgment debtor and had a criminal record.
Each of the defendants submits an affidavit in opposition to the instant application, in which the following unchallenged facts are claimed: That prior to the commencement of the present action November 7,1961 the plaintiff had, on July 27, 1959 commenced an action against the instant defendants upon the contractual indebtedness, in Supreme Court, New York County, to recover the herein above-mentioned charges of $13,990.25 alleged to have been paid by the plaintiff on behalf of the defendants; that in the said action in New York County, a stipulation of settlement was entered into between plaintiff and the defendant Gordon, which provided for payment of the full amount of the claimed indebtedness in monthly installments; that said stipulation of settlement failed to reserve to plaintiff, in the event of a default in payment, any right to proceed against defendants for fraud and to apply for body execution; that on October 27, 1959 the plaintiff entered judgment against the defendant Gordon in the sum of $14,699.46, predicated upon the aforementioned stipulation of settlement, because of a default in making monthly payments as stipulated; that on April 29, 1960 plaintiff entered, in the New York County action, a judgment against the defendant Schwartz as well, in the sum of $14,699.46, based on the indebtedness herein above referred to. It is also claimed by defendants, in opposition to the instant motion, that on May 11,1960 after the defendant Gordon had filed a voluntary petition in bankruptcy in the Federal court, the plaintiff filed a sworn proof of debt in the amount of $14,284.76, being the balance of the judgment entered in the action in New York County against the defendant Gordon herein above referred to.
The defendants, in opposing the instant application, take the position that the recovery and entry of the judgments in the previous action, predicated upon the stipulation of settlement, *1063 constituted an affirmance of the contract and an election to waive the claim of fraud, and that it must therefore he deemed to be an election of remedies which bars the maintenance of an action for fraud, and a fortiori, precludes the issuance of a body execution provided for by statute in such an action.
If the plaintiff had knowledge of the alleged fraud, prior to obtaining and entering the judgment in the action in New York County based upon an affirmance of the contract, then the instant action for fraud cannot be maintained and the plaintiff is not entitled to an order of arrest; but, on the other hand, if the facts disclose that the alleged fraud of defendants was not discovered until after the entry of judgment in the previous action, then and in that event, the prior judgments would not constitute a bar to the present action and to the issuance of an order of arrest in such action. (See Albany Hardware & Iron Co. v. Day, 11 App. Div. 230; Handman Silk Cory. v. Wilon, 243 App. Div. 786; Local Loan Co. v. Guinessey, 33 N. Y. S. 2d 62; Morris Plan Ind. Bank of N. Y. v. Rives, 180 Misc. 495; Modern Ind. Bank v. Landwehr, 112 N. Y. S. 2d 36; Industrial Bank of Commerce v. Selling, 203 Misc. 154.)
There is present in this case, as appears from the papers submitted on this motion, a question as to whether plaintiff lacked such knowledge of the alleged fraud prior to the recovery and entry of judgment in the action brought in New York County on the contract, as would render untenable defendants’ claim that there was a conclusive election of remedies which would bar the relief sought herein.
However, in the court’s opinion a showing of facts has been sufficiently made to establish the absence of such knowledge.
The right to arrest in a civil action is a drastic remedy, regarded as penal in nature. An order of arrest, such as is sought here by plaintiff, should be granted only upon clear proof that the plaintiff has brought himself within the provisions of the statute authorizing the issuance of body execution, and will not be granted where there remains a substantial question as to the right. (See 10 Carmody-Wait, New York Practice, § 4, pp. 289-290 and cases there cited.) However, in the court’s opinion a showing of facts has been sufficiently made to establish the absence of such knowledge.
The motion is granted. Settle order on notice fixing amount of bail.