mention or reference to the condition; nor is there anything in the history of the land itself, and the purpose to which it has been devoted, which in any wise shows that for its proper enjoyment there is any necessity that the condition should be kept alive. On the contrary, every fact and act shows an unmistakable intention upon the part of those persons who have owned the property to regard this condition as having served its purpose as a personal restriction in favor of Griffin, and to have now ceased and become obsolete. Much learning upon this subject has found its way into the books, and much may always be said in construing covenants, conditions, and restrictions. But we do not find it necessary to enter upon such discussion in this case. It is sufficient to say that we regard this condition as creating a mere personal restriction; that it did not create a condition subsequent, which is not favored (Post v. Weil, supra; Avery v. Railroad Co., 106 N. Y. 142, 12 N. E. 619; Clement v. Burtis, 121 N. Y. 708, 24 N. E. 1013); nor is it a covenant running with the land (Badger v. Boardman, 16 Gray, 559; Erwin v. Hurd, 13 Abb. N. C. 105, and note).

The result is that plaintiff's objections to the title are not well founded, for which reason his complaint was properly dismissed. It follows that the judgment should be affirmed, with costs. All concur.

---

INGALLS v. MERCHANTS' NAT. BANK OF PHILADELPHIA.

(Supreme Court, Appellate Division, Second Department. May 29, 1900.)

1. JUDGMENT—SETTING ASIDE—FAILURE TO INTERPOSE DEFENSE.
Equity will not set aside a judgment by default on the sole ground that defendant had a defense to the action which he did not interpose, where no claim was made that through fraud, accident, or mistake he was prevented from availing himself of such defense.

2. INJUNCTION—PENDING SUIT—DEFENDANT'S PREJUDICIAL ACTION.
Under Code, § 604, subd. 1, providing that where it appears by affidavit that defendant, while action is pending, is doing or about to do something in violation of plaintiff's rights, tending to render the judgment ineffectual, an injunction will be granted to restrain him therefrom, in an action to set aside a judgment an injunction will not issue to restrain the sheriff from paying the proceeds of a sale under such judgment to defendant on an affidavit alleging that, if collected, the proceeds would be taken out of the jurisdiction of the court; since plaintiff's decree, if obtained, would be equally effectual whether such event happened or not.

3. SAME—SECURITY REQUIRED.
Code, § 613, providing that an order staying proceedings on a money judgment shall not be granted unless the full amount of the judgment be paid in court, or an undertaking given in lieu thereof, as well as an undertaking to secure payment of damages, applies to a motion for an injunction restraining the sheriff from paying over the proceeds of a sale under a judgment.

Appeal from special term, Richmond county.

Action by Charles H. Ingalls, as receiver of the King Drop-Forge Company, against the Merchants' National Bank of Philadelphia. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Howard R. Bayne, for appellant.

William D. Gaillard, for respondent.

HIRSCHBERG, J. The defendant recovered a judgment for $2,-027.84 against the King Drop-Forge Company on the 12th day of June, 1897, in an action on a promissory note. The plaintiff was appointed receiver of the company on the 8th day of January, 1898, in proceedings for its voluntary dissolution. On the 4th day of November, 1899, the defendant, on due notice, and after a hearing of the receiver's counsel in opposition, procured an order of the court vacating and modifying an injunction order theretofore granted in the dissolution proceedings in so far as such injunction order restrained the defendant from collecting its judgment, and duly authorizing the defendant to take proceedings under said judgment to collect the same by a sale of the land of the company. No appeal appears to have been taken from the order so granted against the receiver authorizing the sale of the real estate of the insolvent company under the defendant's judgment. On the 6th day of January, 1900, the real estate of the company was sold on execution issued under the judgment for $2,468.95, and thereafter a certificate of sale was issued to the purchaser, and the purchase money paid to the sheriff of Richmond county. Meanwhile the receiver obtained an order in the dissolution proceedings authorizing and directing him to prosecute an action against the defendant to vacate and set aside the judgment, and this action was commenced by him under that authority, and for that purpose. After commencing this action, the receiver moved the court, in the action in which the defendant's judgment was recovered, for an order directing the sheriff to retain in his hands the proceeds of the sale until the determination of the action brought by the receiver to set aside the judgment. This motion was denied on the ground, as recited in the order, that the court considered "that the relief sought by said receiver should be obtained, if at all, by an injunction in the action aforesaid brought by said receiver, rather than in the action in which said judgment was obtained." In denying the motion the learned justice filed a memorandum opinion, in the course of which he said: "I think the receiver's remedy is an injunction to be sought in some action of his own against this plaintiff and the sheriff, where he will be required to give security." The receiver then applied for the injunction in this action, and obtained an order granting the motion, and enjoining and restraining the defendant from receiving payment of its judgment from the sheriff, or from taking any steps towards enforcing payment during the pendency of the action, on condition that the plaintiff file approved security in the sum of $300 conditioned for the payment of defendant's damages in loss of interest should the court finally determine that the plaintiff was not entitled to the injunction. From this order the defendant appeals.

The allegations of the complaint show no facts establishing an equitable cause of action, and the sole relief sought is that the judg-

ment be declared void and canceled. The action is not brought to procure an injunction. The complaint alleges that the defendant is a foreign corporation, and that the plaintiff was appointed receiver of the King Drop-Forge Company in dissolution proceedings, which are set out in detail. It then alleges, in reference to defendant's judgment, that it was entered by default, and upon information and belief that the note sued on was given without consideration. In other words, the sole ground upon which the plaintiff seeks to have the judgment set aside and canceled is that he is informed and believes that the corporation had a defense in the action which it did not interpose. There is neither allegation nor suggestion of fraud, collusion, accident, mistake, or any other ground for equitable interference. Nor would general allegations of the kind indicated be sufficient without a statement of the facts supporting them. Transportation Co. v. Tyroler, 25 App. Div. 161, 48 N. Y. Supp. 1095. "It seems to be conclusively settled that a judgment can only be impeached in a court of equity for fraud in its concoction. * * * If, then, the judgment of a court of competent jurisdiction can only be enjoined in a court of equity upon the ground of fraud (and this fraud must have been practiced in the very act of obtaining the judgment, or else it will be concluded by the judgment at law, where fraud is equally a defense as in equity), it remains to inquire how far foreign judgments, whether in courts of law or equity, will come under a similar rule." Story, Eq. Jur. § 1579. In Adams, Eq. p. 197, the rule is stated as follows:

"First. That if, after judgment, additional circumstances are discovered not cognizable at law, but converting the controversy into matter of equitable jurisdiction, the court of chancery will interpose. Secondly. That, even though the circumstances so discovered would have been cognizable at law, if known in time, yet, if their nondiscovery has been caused by fraudulent concealment, the fraud will warrant an injunction. But, thirdly, that if the newly-discovered facts would have been cognizable at law, and there has been no fraudulent concealment, the mere fact of their late discovery will not of itself create an equity; although, if a bill of discovery has been filed in due time, the proceedings at law might have been stayed until the discovery was obtained. And still less can any equity arise if the facts were known at the time of the trial, and the grievance complained of has been caused either by a mistake in pleading, or other mismanagement, or by a supposed error in the judgment of the court."

In Ross v. Wood, 70 N. Y. 8, it was held that the fraud which will justify equitable interference in setting aside a judgment or decree must be actual and positive, not merely constructive. It must be fraud occurring in the concoction or procurement of the judgment or decree, which was not known to the party at the time, and for not knowing which he is not chargeable with negligence. In Stilwell v. Carpenter, 59 N. Y. 414, Judge Andrews said (page 423):

"In the case of Insurance Co. v. Hodgson, 7 Cranch, 332, 3 L. Ed. 362, Marshall, C. J., says that any fact which clearly proves it to be against conscience to execute a judgment, and of which the injured party could not have availed himself in a court of law, or of which he might have availed himself at law, but was prevented by fraud or accident, unmixed with any fault or negligence in himself or his agents, will justify an application to the court of chancery. The limitations under which courts of equity act in interfering with judgments at law stated by Chief Justice Marshall are recognized in numerous

64 N.Y.S.—58

cases. Foster v. Wood, 6 Johns. Ch. 87; Simpson v. Lord Howden, 3 Mylne & C. 97; Powers' Ex'rs v. Butler's Adm'r, 4 N. J. Eq. 465; Dobson v. Pearce, 12 N. Y. 157; 2 Lead. Cas. Eq. 89, and cases cited. It is not sufficient, to authorize the interference of the court, that it is shown that the claim upon which the judgment was obtained was unfounded, or that there was a good defense to the action, or that the court erroneously decided the law, or that the defendant omitted to avail himself of his defense, if, before the judgment was rendered, the facts were known, or might, by the exercise of reasonable diligence, have been ascertained, by him."

See, also, Mayor, etc., v. Brady, 115 N. Y. 599, 22 N. E. 237.

The case cited by the respondent (Railroad Co. v. Haws, 56 N. Y. 175) is not in conflict. It expressly holds that equity will not interpose upon the ground that the verdict or judgment was erroneous, but only where it is made to appear by facts of which the party could not avail himself as a defense that the enforcement of the judgment would be contrary to equity and good conscience.

The complaint on the motion for the injunction herein was accompanied by an affidavit presented on plaintiff's behalf to the effect that, if the judgment were collected, the proceeds would be removed by the defendant out of the jurisdiction of the court, and taken to the state of Pennsylvania, where the defendant is incorporated and domiciled. This is scarcely an act which would tend to render ineffectual the judgment sought in this action, within the meaning of subdivision 1, § 604, of the Code. The object of the plaintiff's action is not at all to obtain the money now in the sheriff's hands, but is to vacate and set aside the judgment under which that money was obtained, so that the real estate may be freed from the lien of the judgment, and may come to his hands as receiver intact. If the plaintiff could succeed in this action in so canceling the judgment, the decree would be equally effectual whether the proceeds of the sale remain in the sheriff's hands or are taken by the defendant to Philadelphia. The disposition of the proceeds might, indeed, be a matter of interest to the purchaser who has paid them to the sheriff on a judicial sale, but, as the purchaser has not been made a party to the suit, his rights would probably not be affected.

The security exacted by the court is insufficient. In this respect the proceeding is governed by section 613 of the Code, requiring as a condition of staying proceedings upon a judgment for a sum of money that the full amount of the judgment be paid into court, or an undertaking be given in lieu thereof, as well as an undertaking to secure payment of the damages. The case differs from Woerishoffer v. Construction Co., 99 N. Y. 398, 2 N. E. 47, where the order forbade interference with assets in the hands of the receiver, and from Attorney General v. Guardian Mut. Life Ins. Co., 77 N. Y. 272, where the injunction was granted in the action in which the receiver was appointed, and stayed the suit of a creditor brought to recover assets to which the receiver was entitled. The order should be reversed, and the injunction dissolved.

Order reversed, with $10 costs and disbursements, and injunction dissolved. All concur.