Respondent disbarred.

Benjamin C. Harvey, Appellant, *v.* Battista Comby and Others, Respondents, and Silvio Pascetti, Defendant.

Second Department, June 21, 1935.

*Benjamin C. Harvey,* appellant, in person.

*Ralph Earl Prime, Jr.* [*Francis J. Duffy* with him on the brief], for the respondents.

Present — LAZANSKY, P. J., CARSWELL, SCUDDER, TOMPKINS and JOHNSTON, JJ.

The following is the opinion of the court below:

CLOSE, J. Motion to dismiss the plaintiff's amended complaint is granted. The first twenty-five paragraphs are the same as the original complaint. Paragraphs XXVI and XXVII are substantially the same. Paragraphs XXVIII to XXXV are new but do not overcome the difficulty pointed out as to the original complaint. Arguments and conclusions are not sufficient but ultimate facts must be alleged. A careful examination of the amended complaint with the original discloses that the plaintiff here found out after the jury found against him that he had perhaps committed a tactical error by not taking the stand in his own behalf. Equity cannot grant relief for errors of judgment.

The following opinion was written upon the dismissal of the original complaint referred to in the opinion dismissing the amended complaint:

CLOSE, J. The defendants Duffy and Bianco move to dismiss the complaint upon the ground that it fails to state a cause of action in either the first or second causes of action and upon the further ground that the plaintiff has failed to show that he has no adequate remedy at law, or in the alternative, to strike out certain paragraphs.

In the briefs submitted many extraneous matters are referred to, but the court must limit itself to the allegations in the paper attacked.

The plaintiff in both causes of actions alleges that the defendant Duffy conceived the idea of bringing an action against the plaintiff and a corporation known as the Cortlandt Mortgage Company which he represented, and of which he was a partial owner, upon the theory that the plaintiff and his corporation were undisclosed principals in a certain building operation in the town of Eastchester, Westchester county. It appears from the complaint that the defendant Bianco entered into a contract to purchase certain lots in the village of Bronxville, town of Eastchester. As owner he

applied for and secured a building permit and also as owner he made application and secured the approval of a building loan of $15,000. Thereafter Bianco proceeded with the construction until he was entitled to receive the first payment of $5,500. This was refused because Bianco was not the record owner and because of unsatisfied judgments against Bianco. Bianco then applied to the plaintiff as his attorney for advice and assistance. It was arranged that title be taken in the name of plaintiff's corporation to hold for Bianco. At plaintiff's suggestion Bianco and the corporation entered into an agreement by which it was agreed that the building would be erected by Bianco for $19,500, including a fee for plaintiff and expenses. To reassure the title company the plaintiff agreed that the building would be completed on time and that all liens filed would be satisfied or discharged. There is the further allegation that at this time Bianco was a person of substantial worth.

Thereafter, Bianco proceeded with the erection of the building on his own behalf. The corporation made certain advances with the result that when the building was sold the proceeds were not sufficient to pay the charges against it.

The defendants Comby and Pascetti contracted with Bianco to do certain tile work in the building. They were not paid and the gist of the complaint is that the defendants, knowing that Comby and Pascetti had contracted with Bianco, conspired together and concocted a scheme to bring an action in the City Court of Yonkers against this plaintiff and the Cortlandt Mortgage Company, and by false and fictitious testimony secured a judgment against the plaintiff. It is alleged that the claim was illegal and was known to the defendants to be illegal and unjust, and that the claim thus fraudulently concocted was supported in court by false and perjurious testimony. There are many statements set forth that are evidentiary in their nature and many conclusions unsupported by facts but the substance of the complaint is as stated.

Does the complaint state a cause of action? I am of the opinion that it does, except for one fatal defect hereinafter discussed. If in any aspect upon the facts stated the plaintiff is entitled to recover, the motion should be denied. (*Boston & Maine R. R.* v. *Delaware & Hudson Co.*, 238 App. Div. 191; *Dyer* v. *Broadway Central Bank*, 252 N. Y. 430.) Equity will grant relief where, as here, conspiracy and concoction are charged. (*Hackley* v. *Draper*, 60 N. Y. 88; *Stevens* v. *C. N. Bank*, 144 id. 50, 62; *Verplanck* v. *Van Buren*, 76 id. 247; *Whittlesey* v. *Delaney*, 73 id. 571; *Ross* v. *Wood*, 70 id. 8.) " Where the jurisdiction of a court of law is acquired by the fraudulent concoction of a simulated cause of action, the fraud itself to be consummated through the instrumentality of a court of justice,

the protection of the court demands that there shall be a remedy." (*Boston & Maine R. R.* v. *Delaware & Hudson Co., supra.*)

It affirmatively appears from the complaint that the plaintiff here (one of the defendants in the Yonkers City Court action) offered no testimony except that he made the defendant Bianco his witness upon cross-examination. All the facts now known to him were then known, it must be inferred. Was it his duty to present his proof of a conspiracy if one existed? There is no allegation contained in the complaint to the effect that the alleged scheme was unknown to the plaintiff at the time of the trial or that it was discovered after the judgment was rendered. He chose to put his fortune to the test without offering any defense. No claim of surprise is made and no excuse offered for not availing himself of this defense in the City Court action. In order to state a cause of action the plaintiff must allege that he was prevented by fraud or accident unmixed with any fault or negligence on his part from asserting his defense.

" It is not sufficient to authorize the interference of the court that it is shown that the claim upon which the judgment was obtained was unfounded, or that there was a good defense to the action, or that the court erroneously decided the law, or that the defendant omitted to avail himself of his defense, if before the judgment was rendered the facts were known, or might by the exercise of reasonable diligence have been ascertained by him." (*Ingalls* v. *Merchants' Nat. Bank*, 51 App. Div. 305, 308.)

To allow a defendant to sit idly by and offer no testimony to expose a fraud he now claims he knew was being practiced upon the court, and after an adverse result bring an action in equity for damages, would lead to endless litigation. To paraphrase one of the learned writers, if such were the rule, then the defendants here could suffer a judgment to be taken against them and in their turn bring another action. " It is for the interest of the public, as well as of individuals, that there should be an end of litigation." (EARL, J., in *Ward* v. *Town of Southfield*, 102 N. Y. 292.)

Motion to dismiss is granted, with leave to the plaintiff to serve an amended complaint within ten days upon payment of ten dollars costs to each moving defendant.

Settle order on notice.