SAM SCOPANO, Plaintiff, *v.* UNITED STATES GYPSUM COMPANY and DAVID W. DANIEL, Defendants.

Supreme Court, Genesee County, April 2, 1938.

*William L. Clay* [*Walter F. Cherry* of counsel], for the plaintiff.

*Judd & Stakel* [*Wallace J. Stakel* of counsel], for the defendants.

HARRIS, J.   Motion made under rule 106 of the Rules of Civil Practice for a dismissal of the complaint on the ground that therein are not stated facts sufficient to constitute a cause of action.

Briefly stated, the facts contained in the complaint are that the plaintiff had had an action pending in the Supreme Court of this State against the defendant United States Gypsum Company. During the pendency of such action the defendants agreed that they would use fraudulent means to induce the plaintiff to sign certain affidavits, which affidavits, when signed, would be sufficient to obtain the dismissal of the then pending action. Through fraud the defendants induced the plaintiff to sign such affidavits, and thus secured, on the 10th day of November, 1937, an order dismissing such action. At the time of moving to dismiss the action the defendants caused certain false statements to be presented

to the court to the effect that the plaintiff had informed the defendants that he would not appear in court on the hearing of the motion. The plaintiff at no time desired to discontinue such action, and the order of discontinuance was secured by means of the fraud of the defendants. On account of such dismissal the plaintiff sustained great loss and damage and was deprived of his right to seek redress in his original action. The amount of damages set in the complaint herein is $10,000, and the only relief asked by the plaintiff herein against the defendants is a judgment for the sum of $10,000. The complaint does not allege that the judgment entered on the order claimed to have been fraudulently obtained is void, and there is no statement in the complaint that such judgment has been set aside.

After reading the cases hereinafter cited, this court is of the opinion that the complaint herein does not state a cause of action. If the complaint had contained the allegations of fraud as therein stated and had sought judgment of this court to set aside the former judgment on the ground of its having been fraudulently obtained, then this court is of the opinion that the plaintiff would have stated a cause of action. (*Wainwright & Page* v. *Burr & McAuley*, 272 N. Y. 130; *Fuhrmann* v. *Fanroth*, 254 id. 479; *Crouse* v. *McVickar*, 207 id. 213; *Mayor of New York* v. *Brady*, 115 id. 599; *Harvey* v. *Comby*, 245 App. Div. 318; *Boston & Maine R. R.* v. *Delaware & Hudson Co.*, 238 id. 191.) The relief prayed for in such complaint would be in the nature of equitable relief from the effects of a judgment, the granting of which judgment was obtained by fraud. Until the judgment complained against herein has been set aside this plaintiff can have no cause of action for damages. Conversely, if the judgment in the original action is set aside and the plaintiff can prove damages suffered by him on account of the obtaining of such original judgment by fraud, he may then maintain an action for such damages. (*Cooper* v. *Weissblatt*, 154 Misc. 522.)

This plaintiff has alternative methods to attack the judgment in the original action herein, one by a motion in the original action to set aside the judgment, and the other by an equitable action for the same purpose. If the equitable action were brought he could well plead in such action a claim for damages on account of the alleged fraud.

The motion to dismiss the complaint is granted.