ALEXANDER J. Ross, Respondent, v. HELEN FIDA et al., as Administrators of the Estate of WILLIAM H. SCHMIDT, Deceased, Appellants.

Fourth Department, March 10, 1943.

*Thomas B. Preston* and *Francis Preston* for appellants.

*Jerome H. Searl* for respondent.

McCURN, J. The defendants moved under rules 106 and 107 of the Rules of Civil Practice to dismiss plaintiff's complaint. The defendants appeal from the order denying that motion.

The complaint alleges that the plaintiff was the sole next of kin of one Edward C. S. Fleet, deceased; that Mr. Fleet died on the 15th day of April, 1935; that on April 29, 1935, William H. Schmidt petitioned the Surrogate's Court of Onondaga County for the probate of a purported last will and testament of Mr. Fleet, dated April 15, 1935, by the terms of which Mr. Schmidt was named executor and sole beneficiary. The plaintiff further alleges that he filed written objections to the probate of said alleged will upon the grounds, among other things, that the deceased at the time was of unsound mind and not mentally capable of making a will and in a dying condition, and actually did die within a few hours after executing said paper; also that said will was procured by fraud and undue influence. It is further alleged in the complaint that after the issues raised by said objections were ordered to be tried by a jury, the plaintiff and the said William H. Schmidt and/or his agents entered into an agreement whereby the plaintiff in consideration of the sum of $5,500 withdrew said objections and consented that the said will be admitted to probate.

It is further alleged in said complaint that the said Mr. Schmidt and/or his agents for the purpose of inducing the plaintiff to accept the settlement, represented to the plaintiff that the value of the Fleet estate did not exceed the sum of $25,000,

whereas in fact the value of the said estate was approximately $372,000; also that Schmidt knew that such representations were untrue and that the estate was actually of the value of $372,000 rather than less than $25,000, and that he intentionally and fraudulently misrepresented the value of the estate for the purpose of deceiving the plaintiff and inducing him to enter into the settlement agreement and to withdraw his objections to the probate of the will; that the plaintiff, relying upon such fraudulent representations and believing them to be true, was thus induced to enter into the settlement agreement and to withdraw his objections to the probate of the will, and has been damaged thereby in the sum of $76,340. It further appears that the said Schmidt has since died and that letters of administration with the will annexed have been issued to Helen Fida and Francis Preston, who as such administrators with the will annexed, are named as the defendants in this action.

It will be observed that the plaintiff proceeds upon the theory that he may affirm the contract of settlement, retain the $5,500 which he has received under the settlement agreement and sue to recover the damage he has sustained by the executor's alleged fraud in misrepresenting to him the value of the estate. There is no doubt that the form of remedy selected by the plaintiff has approval under our law. (*Goldsmith* v. *National Container Corp.*, 287 N. Y. 438, 442.)

The relief afforded by this form of action is the recovery of money damages resulting from the fraud. The essential elements of a fraud action are representation, falsity, *scienter*, deception and injury. (*Ochs* v. *Woods*, 221 N. Y. 335; *Reno* v. *Bull*, 226 N. Y. 546, 550.) Even though all of the elements are present except injury, and it is not shown that the plaintiff has suffered loss through the executor's fraud in inducing him to make the agreement, then he has not been damaged, and consequently states no cause of action for money damages. (*Sager* v. *Friedman*, 270 N. Y. 472, 480, 481.)

From the allegations here it appears that the plaintiff was fraudulently induced to give up his right to litigate the issues raised by his objections to the will. Whether or not he sustained damage by the fraud depends upon the validity of his objections. If the decedent was not in fact of unsound mind, if he was competent to make the will and did so of his own free will and without undue influence or fraud; if the will is in fact a valid testamentary disposition, then the plaintiff has suffered no damage as a result of the fraud; he has profited to the extent of $5,500. While the plaintiff's complaint sets forth the objections which

he made, it nowhere alleges the truth of the facts upon which the objections are based, or that the will because of such objections was invalid. In the absence of such an allegation his complaint does not show that he has suffered damage.

In *Urtz* v. *New York Central & Hudson River R. R. Co.* (202 N. Y. 170) the plaintiff sought to recover damages sustained by her through false and fraudulent representations made to her by the defendant whereby she was induced to settle for $500 a cause of action for the alleged negligent killing of her husband. It was held there that in order to determine whether the plaintiff had suffered damage on account of the fraud, it was necessary to determine whether she had a good cause of action in the first place. It is pointed out in the opinion that if the deceased was not free from contributory negligence or that if the defendant railroad company was not negligent, she had only an invalid and nonexisting claim. If, however, the true facts would have established that the defendant was negligent and the intestate free from contributory negligence, then the plaintiff had a valuable right of action, the acquirement of which through fraud may have injured her. It was there held that " an alleged value of the claim based upon the accident and the death or facts sufficient to warrant the reasonable belief of the plaintiff that she had a just claim, is of a nature too speculative and wagering to be recognized by the law in this action for fraud." The court held that it must first be ascertained whether or not the plaintiff was originally entitled to a recovery of some amount. It is also pointed out in the opinion that the court did not hold otherwise in *Gould* v. *Cayuga County National Bank* (99 N. Y. 333), one of the cases upon which plaintiff relies here.

It follows that the plaintiff in order to establish the essential element of damage must allege and prove the validity of some one or more of the objections sufficient to affect the validity of the will. The complaint contains no such allegations.

Moreover we are of the opinion that the decree of the Surrogate's Court admitting the will to probate would in any event preclude the plaintiff from making such proof in this action. (*Anderson* v. *Smitley,* 141 App. Div. 421; see, also, *Scopano* v. *U. S. Gypsum Co.,* 166 Misc. 806.) The record shows that pursuant to the settlement agreement the plaintiff appeared in the Surrogate's Court, withdrew his objections and consented to the probate of the will. The decree of the Surrogate's Court is necessarily an adjudication " that the testator, at the time of executing it, was in all respects competent to make a will and not under restraint." (Surrogate's Court Act, § 144.) The decree

is conclusive as to all matters embraced therein against every person as to whom jurisdiction was obtained. (Surrogate's Court Act, § 80.)

While the decree remains in full force and effect the plaintiff is precluded from proving in this action facts necessary to establish his claim for damages, viz., facts against the validity of the will. The decree is *res judicata* as to such matters and he is estopped thereby. (*Wadsworth* v. *Hinchcliff*, 218 N. Y. 589; *Reich* v. *Cochran*, 151 N. Y. 122, 127.)

The complaint fails to allege that the plaintiff has been damaged by the fraud complained of. It, therefore, does not state a cause of action.

The order appealed from should be reversed, with ten dollars costs, and the motion to dismiss the complaint granted.

All concur, except HARRIS, J., who dissents and votes for affirmance in the following memorandum: My view is that the plaintiff shows damages when he alleges that he compromised with the executor the question of whether or not he (the plaintiff) would contest the probate of the will. (*Gould* v. *Cayuga County National Bank*, 99 N. Y. 333; *Goldsmith* v. *National Container Corp.*, 287 N. Y. 438.) Therefore, I dissent and vote for affirmance. Present — CUNNINGHAM, TAYLOR, DOWLING, HARRIS and McCURN, JJ.

Order reversed on the law, with ten dollars costs and disbursements and motion granted without costs.