James A. Roe, Jr., J.
The defendants move to dismiss the complaint for legal insufficiency.
The plaintiffs, husband and wife, seek judgment that the deed dated March 14,1962, conveying the title to a four-family dwelling to themselves and to the defendants, husband and wife, subject to a $21,000 bond and mortgage executed on the same date by the male grantees, conveys no interest to the defendants who should be directed to deliver to the plaintiffs a reconveyance of said real property and to account to them for all moneys received as rent, issues or profits therefrom.
The male defendant, hereinafter called Junior, is the natural son of the male plaintiff, hereinafter called Senior, by a former marriage.
It is alleged in the first cause of action that on or about November 20, 1961 Junior requested his father to put all of *214 his life savings into the purchase of a home, in view of his advanced years, so that both families could live together and that Junior would take care of the house so that his father would not have to do any work, he being old and being unable to perform any hard labor; that rentals from the tenants would pay the carrying charges and plaintiffs would be able to live rent free; and that, to carry out such purpose, a deed should be taken out in the names of all parties and that Junior represented that such arrangement would be a protection to the plaintiffs and would effect a transfer only at the date of the death of the father and that the rents of said house would likewise pay the mortgage. Junior further represented and agreed that said house would be reconveyed to the plaintiffs upon their request. It is then alleged that Senior, relying upon the foregoing representations by his son, purchased the four-family house, the deed being taken in the names of the plaintiffs and defendants as requested by Junior; that since March 14, 1962, the defendants have taken sole possession of the house with the exception of the plaintiffs’ apartment and appropriated the entire ownership thereof to the exclusion of the plaintiffs, taking all the rents and claiming to be the owners of the house “ and have abused and mistreated Plaintiffs by continual arguments and threats of bodily harm, ordering Plaintiffs to move from the apartment and claiming the ownership thereof and disavowing any of the representations heretofore made.”
The second cause of action realleges by reference each allegation of the first and adds a paragraph to the effect that plaintiffs never received any value or consideration for the conveyance and at no time did the defendants pay to the plaintiffs any sum of money, all payments for the purchase of the property having been made by the plaintiffs alone.
The third cause of action realleges each allegation of the first two, adding, however, that the defendants falsely and fraudulently represented that their names on the deed would not create an actual interest in the property but that the transfer would take effect only upon the death of the father; that defendants would reconvey the property to the plaintiffs on demand and that the rents collected would be used solely for mortgage payments. After averring other elements of an action in fraud and deceit (Reno v. Bull, 226 N. Y. 546, 550; Ross v. Fida, 265 App. Div. 586, 588), the plaintiffs allege that they “ were unable to understand the full significance of their actions as aforestated and by further reason of dependence, trust and relationship of the parties * * * Plaintiffs were subjected to severe mental strain and pressure ”.
*215 Notwithstanding that the motion was not specifically addressed to each of the causes of action set forth in the complaint (Imperatrice v. Imperatrice, 298 N. Y. 549), the court considered the sufficiency of each.
From a reading of the deed annexed to the complaint, it would appear that the parties to this action are tenants in common with respect to the real property involved. As such, each has a unity of possession of the whole estate ‘ ‘ liable, however, to account ” to the cotenants at law. (Valentine v. Healey, 158 N. Y. 369, 374.) A tenant in common may occupy the whole of the premises “ and preserve them from waste or injury so long as he did not interfere with the right of his co-tenant to also occupy the premises ”, (Ibid.)
It would seem that the thrust of the first cause of action is in affirmance of the alleged agreement and to obtain an accounting from the defendants who allegedly have taken all the rents and profits of the property, claiming to be the owners thereof. The first cause of action, however, also contains averments of alleged misrepresentations which more properly belong in the third cause of action which sounds in fraud and deceit.
The second cause of action incorporates by reference all of the allegations of the first, with the addition of one paragraph that the entire consideration in connection with the purchase of the property was paid by the father, the plaintiff Louis Ghudoba, Sr, This additional allegation does not spell out an independent cause of action, assuming the truth thereof, in the face of the mortgage attached to the complaint showing that the defendant Louis, Jr., was an obligor together with his father.
It would seem, moreover, that the plaintiffs rely upon a ‘ ‘ relationship of the parties and * * * circumstances under which plaintiff[s] parted with” the cash payment of $10,000 over and above the mortgage of $21,000 which, if established, would cast upon the defendants the burden of showing “ affirmatively that no deception had been practiced, no undue influence had been employed and that everything was fair, open, voluntary and well understood ”, (Arakjinjian v. Arakian, 268 App. Div. 41, 44; see, also, Cowee v. Cornell, 75 N. Y. 91, 99-100; Matter of Smith, 95 N. Y. 516, 522; Barnard v. Gantz, 140 N. Y. 249, 256-258; Babcock v. Clark, 79 App. Div. 502, 507.)
The complaint, however, falls short of a concise statement of the necessary material facts. Constructive fraud does not arise from the mere relation of parent and child. (Matter of McGlone, 258 App. Div. 596, 599.) It should be remembered that a pleading must allege the facts which constitute the wrong charged and that conclusions are not enough. (Morgenstern v. Cohon, 2 *216 N Y 2d 302, 308.) While a pleading attacked for legal insufficiency must he accorded every fair and reasonable intendment, liberality “ cannot be used as a substitute for matters of substance ” and conclusions utilized “ to supply material facts by inference within the doctrine of liberal construction ’ \ (Didier v. Macfadden Pubs., 299 N. Y. 49, 53.)
In addition, plaintiffs have improperly incorporated by reference all of the allegations contained in the preceding causes. Only allegations material and necessary to the particular cause of action may be so incorporated. (See Sperling v. McGee, 268 App. Div. 1049.)
The motion is accordingly granted, with leave to plead over in accordance with the provisions of section 241 of the Civil Practice Act, a cause of action for rescission on the ground of fraud and deceit, together with an accounting, and an alternative cause of action for relief under the agreement.
Submit order and provide therein for the service of an amended complaint within 20 days of the service of a copy of the order to be entered hereon with notice of entry.